COMMONWEALTH of Pennsylvania,
Appellee

v.

Jose R. VALENTINE, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 4, 2014.
Filed Oct. 3, 2014.

Patrick J. Connors, Public Defender, and Steven M. Papi, Public Defender, Media, for appellant.

Michelle P. Hutton, Assistant District Attorney, and John J. Whelan, Assistant District Attorney, Media, for Commonwealth, appellee.

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD *, JJ.

OPINION BY ALLEN, J.:

Jose Valentine ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of robbery.[1] We vacate Appellant's judgment of sentence and remand for resentencing.

---

* Former Justice specially assigned to the Superior Court.

1.  18 Pa.C.S.A. §§ 3701(a)(1)(ii).

The pertinent facts and procedural history are as follows: On November 4, 2012, at approximately 6:05 a.m., the victim, Renee Gibbs, was alone, waiting for her SEPTA bus, at the intersection of Ninth and Lloyd Streets in Chester City, when she was approached from behind by Appellant, who pointed a handgun at her and demanded money. Trial Court Opinion, 4/9/14, at 9–10. Appellant was wearing a mask that partially obscured his face, and dark clothing. *Id.* at 10. Appellant threatened to shoot Ms. Gibbs, who surrendered her purse and cellular phone. *Id.* Appellant then fled and Ms. Gibbs went to her mother's house nearby and called the police. *Id.* Police officers responded promptly and Ms. Gibbs provided them with a description of her assailant. *Id.* Within twenty minutes, Appellant was apprehended at the intersection of Ninth and Pennell Streets, on the same block where the robbery occurred. *Id.* at 11–12. Ms. Gibbs was brought to the location where Appellant was apprehended and identified him as her assailant. *Id.*

■ Appellant was arrested, and on April 10, 2013, the Commonwealth filed a criminal information charging Appellant with robbery, receiving stolen property, theft by unlawful taking, carrying a firearm without a license, possession of an instrument of crime, possession of a prohibited offensive weapon, and possession of a firearm by a minor. On July 30, 2013, the Commonwealth orally moved to amend the criminal information. N.T., 7/30/13, at 4. Appellant did not object and the trial court granted the Commonwealth's application to amend the criminal information to include the allegation that Appellant visibly possessed a firearm, for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712, and to specify that the offenses were committed in or near public transportation for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9713.[2]

A jury trial commenced on July 30, 2013, at the conclusion of which the jury found Appellant guilty of robbery. Additionally the verdict slip presented to the jury the following questions, to which the jury returned a finding of "yes" as to both questions:

Did the Defendant Jose R. Valentine, visibly possess a firearm, whether or not the firearm was loaded or functional, that placed [the victim] in reasonable fear of serious bodily injury during his commission of the above-described robbery offense?

Did the Defendant Jose R. Valentine, in whole or in part, commit the above-described robbery offense at or near a

**2.** In *Alleyne v. United States,* — U.S. —, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the United States Supreme Court held:

Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Alleyne,* 133 S.Ct. at 2155.

The *Alleyne* decision ... renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard. *Commonwealth v. Matteson,* 96 A.3d 1064, 1066 (Pa.Super.2014); *see also Commonwealth v. Watley,* 81 A.3d 108, 117, n. 4 (Pa.Super.2013) (finding that the following statutes are unconstitutional pursuant to *Alleyne:* 42 Pa.C.S. § 9712(c); 42 Pa.C.S. § 9712.1(c); 42 Pa.C.S. § 9713(c); 42 Pa.C.S. § 9718(c); 42 Pa.C.S. § 9719(b); 18 Pa.C.S. § 7508(b); 18 Pa.C.S. § 6317(b)).

Septa bus stop, or in the immediate vicinity of a Septa bus stop?

Verdict ·Slip, 7/31/13. Neither the Commonwealth nor Appellant objected to the verdict slip. *See* N.T., 7/31/13, at 3–4.

Following a sentencing hearing on October 3, 2013, the trial court determined that the mandatory minimum sentencing provisions of 42 Pa.C.S.A. §§ 9712 and 9713 were applicable to Appellant, and sentenced him to a term of imprisonment of five (5) to ten (10) years for robbery. Appellant filed a *pro se* motion for reconsideration on October 10, 2013. In response, the trial court convened a hearing on October 16, 2013, at which time Appellant's counsel moved to withdraw the post-sentence motion. The trial court granted counsel's application to withdraw the motion, and on October 16, 2013 entered an order memorializing the withdrawal of the post-sentence motion pursuant to Pa. R.Crim.P. 720(A)(2)(c). *See Commonwealth v. Claffey*, 80 A.3d 780, 783 (Pa.Super.2013) ("When post-sentence motions are withdrawn and the trial court enters an order memorializing the withdrawal, any direct appeal must be filed within thirty days of the order."); Pa.R.Crim.P. 720(A)(2)(c). Appellant filed a notice of appeal on November 14, 2013. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1) Whether the evidence was insufficient to sustain the conviction for Robbery since [Appellant] was not identified as the culprit beyond a reasonable doubt, and because the Commonwealth failed to prove that [Appellant] threatened another person or intentionally put another person in fear of immediate serious bodily injury in the course of committing a theft?

2) Whether the mandatory minimum sentence imposed herein is illegal, and should be vacated, since the provisions that were applied were rendered unconstitutional?

Appellant's Brief at 5.

■■■ In his first issue, Appellant asserts that the evidence was insufficient to support his robbery conviction. Appellant's Brief at 13–18. Our standard of review with regard to a sufficiency challenge is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Devine*, 26 A.3d 1139, 1145 (Pa.Super.2011).

Appellant argues that the evidence was insufficient to support his robbery conviction because he was not identified as Ms. Gibbs' assailant beyond a reasonable doubt. *See* Appellant's Brief at 14–17. In determining whether a particular identification was reliable, the court "should consider the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of [his or her] prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. The opportunity of the witness to view the actor at the time of the crime is the key factor in the totality of the circumstances analysis." *Commonwealth v. Bruce*, 717 A.2d 1033, 1037 (Pa.Super.1998) (citations omitted).

> [E]vidence of identification need not be positive and certain to sustain a conviction. Although common items of clothing and general physical characteristics are usually insufficient to support a conviction, such evidence can be used as other circumstances to establish the identity of a perpetrator. Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh. Given additional evidentiary circumstances, any indefiniteness and uncertainty in the identification testimony goes to its weight.

*Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa.Super.2011).

Here, Ms. Gibbs testified that during the commission of the crime, she was able to see her assailant's clothing, as well as the unconcealed portions of his face and eyes. N.T., 7/31/13, at 10–11. Moreover, only a short interval of time elapsed between the robbery and Ms. Gibbs' positive and unequivocal identification of Appellant as wearing the identical clothes her assailant had been wearing, and having the same build and ethnicity. *Id.* at 20–21. Additionally, Ms. Gibbs identified Appellant at the preliminary hearing and at trial as her assailant. *Id.* at 22. Furthermore, Ms. Gibbs' purse was found in the dumpster located at the apartment complex where Appellant resided, which was a short distance from where the robbery occurred. *Id.* at 49–52. Ms. Gibbs also provided testimony that Appellant had attempted to contact her through Facebook prior to the robbery. *Id.* at 24–25. Based on the foregoing, we agree with the trial court that the evidence was sufficient to establish Appellant's identity beyond a reasonable doubt. *See Orr, supra* (finding evidence sufficient to support appellants' conviction after review of the entire record and all the circumstantial evidence presented in the light most favorable to the Commonwealth as verdict winner, where the victim identified appellant immediately following the robbery based only on the clothing he was wearing and a similar red beard, and despite the victim being unable to positively identify appellant in a line-up, or in post-incident court proceedings; any subsequent indefiniteness and uncertainty in the identification testimony went to its weight which was properly for the jury to assess and which this Court declined to disturb on appeal).

Appellant additionally argues that the evidence was insufficient to sustain his robbery conviction because "the Commonwealth failed to prove that [Appellant] threatened another person or intentionally put another person in fear of immediate serious bodily injury in the course of committing a theft." Appellant's Brief at 13. Appellant is correct that to sustain his conviction for robbery (serious bodily injury), the Commonwealth was required to prove that in the course of committing a

theft, Appellant "threaten[ed] another with or intentionally put ... [her] in fear of immediate serious bodily injury." 18 Pa. C.S.A. § 3701(a)(1)(ii). "The evidence is sufficient to convict a defendant of robbery under this section if the evidence demonstrates aggressive actions that threatened the victim's safety. The court must focus on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of immediate serious bodily injury. Additionally, this Court has held that the threat need not be verbal." *Commonwealth v. Jannett*, 58 A.3d 818, 822 (Pa.Super.2012) (citations and internal quotations omitted). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. "When determining whether a victim has been placed in fear of serious bodily injury, this Court uses an objective standard; therefore, [the victim's] subjective state of mind during the robbery is not dispositive." *Commonwealth v. Kubis*, 978 A.2d 391, 398 (Pa.Super.2009) (concluding that the nature of appellant's threat to stab the victim was such that a reasonable person in the victim's position would fear for his life or safety even though no knife was physically produced during robbery).

■ Again, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that the evidence was sufficient to establish that Appellant placed Ms. Gibbs in fear of serious bodily injury. The trial court explained:

> Ms. Gibbs at the time of the robbery was alone at the SEPTA transit stop during the morning hours. [Appellant] appeared from outside Ms. Gibbs' view, startling her and brandishing a firearm just a few inches from Ms. Gibbs' face. It was at gunpoint that [Appellant] demanded Ms. Gibbs hand over her purse and cellular phone. The gravity of [Appellant's] menacing threat was shown through Ms. Gibbs testifying that [Appellant] threatened that he was "going to fucking shoot [her]." There is certainly no doubt that Ms. Gibbs was intentionally placed "in fear of immediate serious bodily injury".

Trial Court Opinion, 4/9/14, at 19 (citations to notes of testimony omitted).

We agree with the trial court that Appellant's actions in pointing a gun at Ms. Gibbs and threatening to shoot her would have placed a reasonable person in fear of serious bodily injury, and that the evidence was sufficient to sustain Appellant's robbery conviction. In fact, Ms. Gibbs explicitly testified, "I was afraid. I was shocked. I was nervous. I couldn't believe what was going on.... [H]e had a gun in my face. I didn't know if I say the wrong thing would he get mad, would he shoot me ... I didn't know what he was going to do. I didn't know what the outcome of this was ... I was just afraid." N.T., 7/31/13, at 15. Appellant's claim that the evidence was insufficient to prove that he threatened Ms. Gibbs with or intentionally put her in fear of immediate serious bodily injury is without merit.

In his second issue, Appellant argues that his sentence was illegal because the mandatory minimum sentencing provisions employed by the trial court were unconstitutional. Appellant's claim addresses the alleged illegality of imposing a mandatory minimum sentence pursuant to 42 Pa.C.S. §§ 9712 and 9713.

42 Pa.C.S.A. § 9712 provides:

(a) **Mandatory sentence.**—Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any per-

son who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary. Such persons shall not be eligible for parole, probation, work release or furlough.

(b) Proof at sentencing.—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9713 provides:

(a) Mandatory sentence.—Except as provided under section 9716 (relating to two or more mandatory minimum sentences applicable), any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall be sentenced to a minimum sentence of at least five years of total confinement if the crime occurs in or near public transportation as defined in subsection (b), notwithstanding any other provision of this title or other statute to the contrary.

(b) Site of commission of crime.—For the purposes of subsection (a), a crime shall be deemed to have occurred in or near public transportation if it is committed in whole or in part in a vehicle, station, terminal, waiting area or other facility used by a person, firm, corporation, municipality, municipal authority or port authority in rendering passenger transportation services to the public or a segment of the public or if it is committed in whole or in part on steps, passageways or other areas leading to or from or in the immediate vicinity of such a public transportation vehicle, station, terminal, waiting area or other facility.

(c) Proof at sentencing.—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

At the time Appellant was sentenced, pursuant to the mandatory sen-

tencing provisions of § 9712, the Commonwealth was required to demonstrate to the trial court by a preponderance of the evidence that Appellant visibly possessed a gun and that the victim was placed in reasonable fear of death or serious bodily injury. For purposes of the mandatory sentencing provisions of § 9713, the Commonwealth was required to prove to the trial court by a preponderance of the evidence that the crime occurred in or near public transportation.

As noted above, however, the United States Supreme Court in *Alleyne v. United States,* ―― U.S. ――, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013), held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt. In reliance on *Alleyne,* Appellant argues that the application of his mandatory minimum sentence was illegal. Although Appellant did not raise this claim before the trial court, this Court in *Commonwealth v. Watley,* 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*), addressing the *Alleyne* decision, observed that where "[a]pplication of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits[,] [such] [l]legality of sentence questions are not waivable." Because Appellant's claim falls within this "narrow class of cases ... considered to implicate illegal sentences," we address its merits. *Watley,* 81 A.3d at 118.[3]

In *Watley,* we explained that "[t]he *Alleyne* decision ... renders those Pennsylvania mandatory minimum sentencing

statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." *Watley,* 81 A.3d at 117 (holding that § 9712(c) and § 9713(c), *inter alia,* are unconstitutional). *See also Commonwealth v. Hanson,* ―― Pa. ――, 82 A.3d 1023, 1039–1040 (2013) (prior to *Alleyne,* state legislatures were free to delegate fact-finding authority to sentencing judges relative to mandatory minimum sentences; however, *Alleyne* overruled those decisions on this salient point).

Appellant argues that pursuant to *Alleyne,* sections 9712 and 9713 are unconstitutional in their entirety and his mandatory sentence is therefore illegal. Appellant's Brief at 18–22. Appellant recognizes that in his case the Commonwealth amended the criminal information and the trial court attempted to cure the unconstitutional provisions of § 9712 and § 9713 by having the jury (rather than the trial court) decide on the verdict slip whether Appellant possessed a firearm and whether the robbery occurred in or near public transportation, beyond a reasonable doubt. *Id.* at 22. However, Appellant contends that such actions did not remedy the fundamental unconstitutionality of the statutes. Rather, Appellant asserts that the unconstitutional provisions of §§ 9712(c) and 9713(c) (requiring sentencing factors to be determined by the trial court by a preponderance of the evidence) are unseverable, and that the statutes at issue are unconstitutional in their entirety. Moreover, Appellant

---

**3.** We are aware that our Supreme Court has accepted allowance of appeal on the issue of whether *Alleyne* relates to the legality of sentence, stating as the issue follows:

> Whether a challenge to a sentence pursuant to *Alleyne v. United States,* ―― U.S. ――,

133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) implicates the legality of the sentence and is therefore non-waivable.

*Commonwealth v. Johnson,* ―― Pa. ――, 93 A.3d 806 (2014).

maintains that by asking the jury to decide whether the factual elements of § 9712 and § 9713 had been met, the trial court effectively rewrote § 9712 and § 9713 to comply with *Alleyne*, which constituted a legislative function that the judicial branch is not authorized to perform. *Id.*

In consideration of Appellant's claim, we find instructive our recent decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super.2014) (*en banc*). In *Newman*, we reviewed the constitutionality of 42 Pa. C.S.A. § 9712.1, which enhances the minimum sentence where a firearm is found on a drug dealer, an accomplice, or in the vicinity of the contraband. The statute at issue in *Newman* provided:

> **42 Pa.C.S.A. § 9712.1. Sentences for certain drug offenses committed with firearms**
>
> (a) **Mandatory sentence.**—Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), [FN1] known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
> \*   \*   \*
>
> (c) **Proof at sentencing.**—... The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9712.1

We explained in *Newman* that under *Alleyne*, the factual predicates for imposition of the § 9712.1 mandatory minimum sentence (i.e., that the firearm was found on a drug dealer, an accomplice or in the vicinity of the contraband) "must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence." *Newman* at 98. Concluding that the factual predicates for imposition of the mandatory minimum sentence had not been presented to a jury, we vacated the judgment of sentence.

Notably in *Newman*, we declined the Commonwealth's proposed remedy that we remand for a sentencing jury to determine beyond a reasonable doubt whether the Commonwealth had proven the factual predicates for § 9712.1. We explained:

> [T]he Commonwealth's assertion assumes that Subsection (a) of Section 9712.1, which sets the predicate for the mandatory minimum sentence, survives constitutional muster, and that only Subsection (c), which directs that the trial court shall determine the predicate of Subsection (a) by a preponderance of the evidence, fails. In other words, the Commonwealth is contending that we may sever and retain those parts of Section 9712.1 that are not constitutionally infirm.... We respectfully disagree.

Pennsylvania law provides for the severing of statutes where one part of a statute is found unconstitutional:

**§ 1925. Constitutional construction of statutes**

The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

1 Pa.C.S.A. § 1925.

We find that Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected. Following *Alleyne,* Subsection (a) must be regarded as the elements of the aggravated crime of possessing a firearm while trafficking drugs. If Subsection (a) is the predicate arm of Section 9712.1, then Subsection (c) is the "enforcement" arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.

The Commonwealth's suggestion that we remand for a sentencing jury would require this court to manufacture whole cloth a replacement enforcement mechanism for Section 9712.1; in other words, the Commonwealth is asking us to legislate. We recognize that in the prosecution of capital cases in Pennsylvania, there is a similar, bifurcated process where the jury first determines guilt in the trial proceeding (the guilt phase) and then weighs aggravating and mitigating factors in the sentencing proceed-ing (the penalty phase). However, this mechanism was created by the General Assembly and is enshrined in our statutes at 42 Pa.C.S.A. § 9711. We find that it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne.* We cannot do so.

*Newman* at 101–02 (footnote omitted).

■ Here, the trial court permitted the jury, on the verdict slip, to determine beyond a reasonable doubt whether Appellant possessed a firearm that placed the victim in fear of immediate serious bodily injury in the course of committing a theft for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712(a), and whether the crime occurred in whole or in part at or near public transportation, for purposes of the mandatory minimum sentencing provisions of 42 Pa. C.S.A. § 9713(a). The jury responded "yes" to both questions. In presenting those questions to the jury, however, we conclude, in accordance with *Newman,* that the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with *Alleyne.*

■ The trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were unconstitutional under *Alleyne,* and that Subsections (a) of 9712 and 9713 survived constitutional muster. By asking the jury to determine whether the factual prerequisites set forth in § 9712(a) and § 9713(a) had been met, the trial court effectively determined that the unconstitutional provisions of § 9712(c) and § 9713(c) were severable. Our decision in *Newman* however

holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but "essentially and inseparably connected" and that the statutes are therefore unconstitutional as a whole. *Id.* at 101–02. ("If Subsection (a) is the predicate arm . . . then Subsection (c) is the enforcement arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.").

Moreover, *Newman* makes clear that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne.*" *Newman* at 102. Therefore, the trial court lacked the authority to allow the jury to determine the factual predicates of §§ 9712 and 9713. *See Newman* at 102–03 (recognizing that several trial courts of this Commonwealth

have found Section 9712.1 as a whole to be no longer workable without legislative guidance).

Because *Alleyne* and *Newman* render §§ 9712 and 9713 unconstitutional, we vacate the judgment of sentence and remand for the re-imposition of sentence without consideration of any mandatory minimum sentence as provided by §§ 9712 and 9713.[4]

Judgment of sentence vacated. Case remanded for re-imposition of sentence consistent with this Opinion. Jurisdiction relinquished.

Justice FITZGERALD joins the Opinion.

PJ GANTMAN files a Concurring Opinion in which Judge ALLEN and Justice FITZGERALD join.

4. We recognize that since the *Alleyne* decision, this Court has upheld sentences imposed under various mandatory minimum sentencing provisions rendered unconstitutional by the *Alleyne* decision. In such cases, despite the unconstitutionality of the statute in requiring a judicial determination of preponderance of the evidence, in circumstances where the facts necessary to establish application of the mandatory minimum sentence were determined by the jury beyond a reasonable doubt, we have upheld the sentence. *In Watley, supra,* (pertaining to § 9712.1) we held:

> [T]he uncontroverted evidence established that the firearm was . . . in close proximity to the drugs and the jury determined beyond a reasonable doubt that Appellant possessed those firearms. Therefore, the facts necessary to establish application of the mandatory minimum sentence not only were essentially undisputed and overwhelming, they were determined by the jury. Since Appellant was convicted of PWID and unlawfully possessing two firearms . . . the factual predicates for determining the mandatory minimum were proven to a jury beyond a reasonable doubt, and his sentence is not illegal.

*Watley,* 81 A.3d at 121. *See also Commonwealth v. Matteson,* 96 A.3d 1064 (Pa.Su-

per.2014) (holding that even though 42 Pa. C.S.A. § 9718 was unconstitutional after *Alleyne,* the Sixth Amendment concerns of *Alleyne* were not implicated where the defendant was sentenced under the mandatory minimum provisions of 42 Pa.C.S.A. § 9718 for aggravated indecent assault of a child, since the jury received an instruction that it was required to find that the victim was less than 13 years of age and, in finding the defendant guilty of aggravated indecent assault of a child beyond a reasonable doubt, the jury specifically found, beyond a reasonable doubt, the element required to impose the mandatory minimum sentence).

Nevertheless, we adhere to our decision in *Newman* which concluded that the entirety of the mandatory minimum sentencing statute must be stricken as unconstitutional because "[w]ithout Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met" and that it is for the legislature to create new mandatory minimum sentencing procedures in conformity with *Alleyne. See Newman* at 101, 105 (vacating the judgment of sentence and remanding for reimposition of sentence without consideration of § 9712.1.).

CONCURRING OPINION BY
GANTMAN, P.J.:

I agree with the majority that sufficient evidence supported Appellant's robbery conviction. I am also compelled to agree that we must vacate the judgment of sentence and remand for re-sentencing, given the binding nature of this Court's recent *en banc* decision in *Commonwealth v. Newman*, 99 A.3d 86 (2014). The majority logically extends *Newman* to declare that 42 Pa.C.S.A. §§ 9712 and 9713 are likewise unconstitutional.

I write separately, however, to address an alternative available to the court upon re-sentencing. The sentencing court, perhaps, could apply a deadly weapon enhancement to Appellant's sentence without running afoul of *Newman*. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n. 10 (Pa.Super.2014) (explaining that if sentencing enhancement applies, court is required to raise standard guideline range; however, court retains discretion to sentence outside guideline range; therefore, application of sentencing enhancement does not violate holding in *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)).

Thus, I accept the majority's ultimate decision to vacate the judgment of sentence and remand for re-sentencing without consideration of mandatory minimums set forth in Sections 9712 and 9713. Accordingly, I concur in the result.

Judge ALLEN joins this Concurring Opinion.

Justice FITZGERALD joins this Concurring Opinion.