J-S78037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK J. TSHUDY, | : | |
| | : | |
| Appellant | : | No. 1311 MDA 2014 |

Appeal from the Judgment of Sentence entered on April 23, 2014
in the Court of Common Pleas of Lebanon County,
Criminal Division, No. CP-38-CR-0001676-2013

BEFORE:  GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED JANUARY 22, 2015**

Patrick J. Tshudy ("Tshudy") appeals from the judgment of sentence imposed following his conviction of criminal trespass.  **See** 18 Pa.C.S.A. § 3503(a)(1)(i).  We affirm.

The trial court set forth the relevant underlying facts as follows:

Mark Kinney ["Kinney"] testified that he resided at 27 South King Street, Annville[, Pennsylvania].  [] Kinney also stated that the building was a two story house[,] but that it was set up with an upstairs apartment and a downstairs apartment.  [] Kinney further stated that he resided in the first floor apartment[,] known as Apartment B.  The testimony of [] Kinney revealed that there were two doors that were required to be opened in order to enter his living room; a door to enter the building and another door to enter his apartment.  [] Kinney stated that the door to enter the building was not locked.

[] Kinney testified that on October 25, 2013, at approximately 3:45 a.m.[,] he and his wife, Laura, were sleeping.  [] Kinney was sleeping on a recliner located in the living room of his apartment and his wife was sleeping in the bedroom of the apartment.  He stated that his dog began barking and awoke

him. At that point[,] he observed [Tshudy] in his apartment. At first he thought [Tshudy] was someone he knew but then realized that he did not know the person in his apartment.

[Tshudy] told [] Kinney that "he was cold and that … God spoke to him and led him to our apartment and so he didn't freeze to death." [] Kinney testified that he never heard anyone knock on his door, nor did he tell anyone that they could enter his apartment. When [] Kinney realized that [Tshudy] was not his buddy, he became startled and a little scared. According to [] Kinney, [Tshudy's] clothing [was] soaked. On multiple occasions, [] Kinney asked [Tshudy] to leave but [Tshudy] did not do so. [] Kinney testified that he believed [Tshudy] was drinking as he could smell alcohol on him. [] Kinney did not actually call [the] police immediately as [Tshudy] looked like he needed help. [] Kinney called several people in order to try to help [Tshudy].

Officer William Strickler ["Officer Strickler"]… is employed by the Annville Township Police Department. Officer Strickler is trained in standardized field sobriety testing and also attended PLCB Liquor Law trainings.

Officer Strickler stated that on October 25, 2013, he responded to 27 South King Street after receiving a phone call from a resident who said someone that he did not know was inside his apartment. Upon Officer Strickler's arrival at 27 South King Street, Officer Strickler recognized [Tshudy]. [Tshudy] was all wet. When asked by Officer Strickler why he was all wet, [Tshudy] had no answer. Officer Strickler observed that [Tshudy] "had red, bloodshot, glassy eyes. He had a strong odor of alcohol emitting from his person. … [H]e lacked balance and lacked coordination. His movements, when he went to get his wallet out, it was real slow and then [Officer Strickler] ID's him as [Tshudy] …." [Tshudy's] ID revealed that he did not live at the 27 South King Street residence, but rather that he lived on Bellegrove Road in Palmyra, [Pennsylvania].

Officer Strickler testified that [Tshudy] appeared to be intoxicated. Officer Strickler contacted EMS to come to the scene to make sure that [Tshudy] was okay. EMS personnel determined that other than being intoxicated, there were no medical issues with [Tshudy].

[Tshudy was subsequently arrested and charged with criminal trespass.] On April 9, 2014, [Tshudy's] case was called for trial. He refused to participate. [The trial c]ourt afforded [Tshudy] with multiple chances to attend and participate in his trial. [The trial court] directed that his attorney meet with him to persuade him to participate. … Eventually, [the trial court] determined that [Tshudy's] trial should proceed in *abstentia*. During trial, [Tshudy's] interests were represented by counsel.

Following trial in *abstentia*, the jury found [Tshudy] guilty of one count of [c]riminal [t]respass. On April 23, 2014[, Tshudy] was sentenced to the Lebanon County Correctional Facility for a period of time served to 2 years less one day. Given that [Tshudy] had already served his minimum sentence, he was made immediately eligible for parole. As special conditions of his parole, [Tshudy] was to obtain a mental health evaluation and comply with all recommendations of his mental health professionals, including medication recommendations. [Tshudy] was also directed not to set foot within 30 feet of the residence located at 27 South King Street in Annville at any time for any reason. [Tshudy] filed timely Post-Sentence Motions on May 5, 2014.

Trial Court Opinion, 7/22/14, at 2-5 (citations omitted).

The trial court denied Tshudy's Post-Sentence Motions. Tshudy subsequently filed a timely Notice of Appeal.

On appeal, Tshudy raises the following question for our review: "Whether [Tshudy] should be acquitted because there was not sufficient evidence presented at trial to prove beyond a reasonable doubt that he committed the crime of criminal trespass?" Brief for Appellant at 4.

Tshudy contends that the evidence was insufficient to support his conviction because Kinney allowed Tshudy to stay in the residence after discovering Tshudy. *Id*. at 8-9. Tshudy argues that as a result, he reasonably believed that Kinney had licensed him to enter or remain. *Id*. at

9. Tshudy asserts that based on Kinney's actions of trying to help, Tshudy has established a legitimate defense to the crime of criminal trespass. ***Id***.

Our standard of review with regard to a sufficiency challenge is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Valentine***, 101 A.3d 801, 805 (Pa. Super. 2014) (citation omitted).

The Crimes Code defines criminal trespass as follows:

**§ 3503. Criminal trespass**

**(a) Buildings and occupied structures.**--

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof…

\*\*\*

**(c) Defenses.**--It is a defense to prosecution under this section that:

\*\*\*

(3) the actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain.

18 Pa.C.S.A. § 3503.

The trial court addressed Tshudy's claim as follows:

In this case [Tshudy] entered the premises located at 27 South King Street in Annville, [Pennsylvania,] at 3:45 a.m.[,] on October 25, 2013[,] without the permission from the occupants of said premises. The victims … were asleep at the time [Tshudy] entered their apartment. [Tshudy] entered two separate doors before entering Apartment B. [] Kinney was startled and scared when he realized [Tshudy] was in his apartment and that he did not know him.

[Tshudy] did not leave the premises when asked "multiple times" to do so by [] Kinney. Because [Tshudy] refused to leave the premises, [] Kinney tried calling people to come get [Tshudy]. The police were finally called to remove [Tshudy] from the premises.

Trial Court Opinion, 7/22/14, at 6-7.

Here, the evidence presented demonstrated Tshudy was not privileged or licensed to enter the premises. **_See Commonwealth v. Thompson_**, 778 A.2d 1215, 1218-19 (Pa. Super. 2001) (concluding that evidence was sufficient to support criminal trespass conviction where homeowners testified

that defendant entered their houses without permission and refused to leave, and defendant's claim that he was being chased was unsupported by the evidence); *Valentine*, 101 A.3d at 805 (stating that the finder of fact in this case, was free to believe all, part, or none of the evidence and to determine the credibility of the witnesses).  The fact that Kinney attempted to provide Tshudy aid after he illegally entered the premises does not grant Tshudy a privilege or license to enter or remain on the premises.  *See generally* 18 Pa.C.S.A. § 308 (stating that voluntary intoxication is not a defense to a criminal charge).  Indeed, Tshudy does not cite to any case law to support such a proposition.  *See* Pa.R.A.P. 2119(a) (stating that the argument shall contain citation of authorities as are deemed pertinent).  Based upon the foregoing, we conclude that there was sufficient evidence to support Tshudy's criminal trespass conviction.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2015