J-S36010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTIAN BAER | |
| Appellant | No. 1206 WDA 2014 |

Appeal from the Judgment of Sentence June 25, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0016213-2013

BEFORE:  PANELLA, J., JENKINS J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 14, 2015**

Appellant, Christian Baer, appeals from the judgment of sentence entered by the Allegheny Country Court of Common Pleas, challenging the sufficiency of the evidence and the denial of his petition to file a motion for post-sentence relief *nunc pro tunc*.  We reverse the judgment of sentence.

On November 5, 2013, Shawn Daniel Lynn biked over to Charlene Marish's apartment after she sent him a text message saying that she and Baer, her live-in boyfriend, had had a bad argument.  Lynn had been talking with Marish in her living room for approximately 15 minutes when Baer and two or three other people walked through the front door.  Baer became aggressive and accused Lynn of being there only to have sex with Marish.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Baer then took a sword off the wall and, pointing it at Lynn from approximately six to eight feet away, told Lynn that he would have to leave the apartment naked or Baer would beat him up.

As Lynn stripped off his clothing, Baer took Lynn's cellphone from his hooded sweatshirt and broke it in half. Lynn then left the apartment naked, leaving behind his bicycle and his backpack containing clothing and a scrapbook. Over the next several days, Baer sent threatening text and voice mail messages to both Lynn and Lynn's girlfriend, Alexandra Leezajac.

Lynn reported the incident to police on November 10, 2013. The police filed an affidavit of probable cause, an arrest warrant, and a criminal complaint, each accusing Baer of committing Robbery, 18 Pa.C.S.A. § 3701(a)(1)(v), taking property by "force, however slight," a third-degree felony, and criminal mischief, a summary offense.[1] After his arrest, the notice of the preliminary hearing, the form waiving the preliminary hearing, the commitment form, the bail bond form, and the pre-trial "release of prisoner" form each cited only Section 3701(a)(1)(v) as the robbery offense

_____

[1] Many documents contained in the certified record notate the robbery offense using only upper case letters and upper case roman numerals, *e.g.*, "I" for "i" or "V" for "v", *i.e.*, "18 §3701§§A1I." Throughout this memorandum, except where indicated, we use the accepted legal citation of the statute as it was written by the legislature, *i.e.*, "18 Pa.C.S.A. § 3702(a)(1)(i)."

at issue. The Magisterial District Court's docket also lists the robbery offense as falling under subsection (v).

Formal arraignment was scheduled by the Court of Common Pleas for January 15, 2014. The certified record contains a multi-page document that, in total, is purportedly the Information filed by the Allegheny County District Attorney. *See* Certified Record ("CR"), Document #2. The first page, which is unnumbered, is titled only "Commonwealth of Pennsylvania vs. Christian Julian Baer," and is date-stamped as having been filed on January 14, 2014. That page states that Count 1 is "1837011A1I: Robbery - Serious Bodily Injury." Annexed to that first page is a two-page document, numbered at the bottom with "1" and "2," stamped with the signature of the Allegheny County District Attorney stating, in relevant part, that "by this information," the offense charged was:

**Count 1      ROBBERY – SERIOUS BODILY INJURY      Felony 1**

> **The actor in the course of committing a theft, either inflicted serious bodily injury upon Sean Lynn, threatened that person or persons with, or put that person or persons in fear of immediate serious bodily injury, in violation of Section 3701(a)(1)(i) or (ii) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. § 3701(a)(1)(ii) or (ii).**

Information (undated) from District Attorney of Allegheny County at 1, CR, document #2, at page numbered 1.

A bench trial occurred on April 14, 2014. After hearing testimony from Lynn and Lynn's girlfriend, the court announced its verdict, as follows:

"Okay. I've listened to the testimony. At Count One, Robbery, serious bodily injury, I find you guilty. At criminal mischief, summary offense, I find you not guilty." Notes of Testimony – Trial, 4/14/14, at 34.

On the lower right-hand corner of the first unnumbered page of the information, the page indicating that Count 1 is for Robbery under Section 3701(a)(1)(i), is a handwritten note, dated 4/14/14, stating: "After trial in open court, defendant is hereby found guilty on Count 1 and not guilty on Count 2. By the Commonwealth." That notation is followed by another purportedly handwritten notation (which actually appears to be a stamp): "By the court, Machen, J." On the back of that same page is another stamp, with 4/14/14 handwritten therein, that states: "Sentence deferred pending pre-sentence report" followed by the handwritten notation: "and BC. Sentencing Set on 6/25/14. Defendant in Ag." That entry is followed by the stamp which states: "By the court Machen, J." CR, document #2, at unnumbered page.

Sentencing occurred on June 25, 2014. The sentencing transcript that is part of the certified record contains absolutely no reference by either the court or counsel to the crime for which Baer was being sentenced. In announcing the sentence, the court stated:

> For the record, I have reviewed the Behavior Clinic evaluation and the pre-sentence investigation report. I would agree with the Commonwealth that a standard range sentence is in order. I'm going to sentence you --- the standard range on the low end is 36 to 48 months. I'm going to sentence you to [3] to [10]

years in the State Penitentiary to be followed by a period of ten years consecutive probation[.]

Notes of Testimony – Sentencing, 6/25/14, at 5-6.

The written sentencing order signed by the trial court states that Baer was found guilty of Robbery-Inflict Serious Bodily Injury, 18 Pa.C.S.A. § 3701(a)(1)(i), and sentenced to three to ten years' incarceration on that conviction. **See** CR, document #4. The document entitled "Court Commitment State or County Correctional Institution" matches the sentencing order and indicates that Baer was sentenced to confinement for the offense of "Robbery-Inflict Serious Bodily Injury," 18 Pa.C.S.A. § 3701(A)(1)(i). CR, document #5.

Baer did not file a post-sentence motion within 10 days of the judgment of sentence. On July 17, 2014, he filed a "post-sentence motion *nunc pro tunc*," which the trial court denied. He timely appealed to this Court.

Baer raises the following issues:

a. Whether the evidence was insufficient as a matter of law to convict Mr. Baer of Count 1 – Robbery (inflict Serious Bodily Injury) when the Commonwealth failed to prove, beyond od a reasonable doubt, that Mr. Baer, in the course of committing a theft, inflicted serious bodily injury upon Lynn, as required by 18 Pa.C.S. § 3701(a)(1)(i)?

b. Whether the trial court abused its discretion in not granting Mr. Baer's Petition to Accept Post-Sentence Motion *Nunc Pro Tunc*, thereby preventing him from being able to raise on direct appeal challenges to the weight of the evidence and the discretionary aspects of his sentence?

Appellant's Brief at 6.

Appellate review of a challenge to the sufficiency of the evidence is well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Valentine*, 101 A.3d 801, 806 (Pa.Super. 2014) (citation omitted).

The offense of Robbery is defined, in relevant part, as:

**(a) Offense defined.**--

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

[or]

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]

18 Pa.C.S.A. § 3701(a)(1)(i) and (ii).

Baer avers that his conviction under Section 3701(a)(1)(i) is not supported by sufficient evidence. He observes that there was no evidence presented that he inflicted any bodily injury upon Lynn so as to satisfy the element of "inflicts serious bodily injury" set forth in Section 3701(a)(1)(i). The Commonwealth responds that Baer was "not convicted of inflicting serious bodily injury on the victim during the course of committing a theft. Rather, he was convicted of violating 18 Pa.C.S. § 3701(a)(1)(ii), threatening the victim with or putting the victim in fear of serious bodily injury[.]" Appellee's Brief at 2.[2] The Commonwealth relies on the "Sentencing Guideline Form" annexed to the actual Order of Sentence, a portion of the information, and the opinion of the trial court but without citation or quotation.[3,4]

_____

[2] Without citation to case law, the Commonwealth argues that the conviction under subsection (i) was due to a "scrivener's error" in the use of a capital "I" instead of lower case Roman numeral (ii) in the sentencing order. Appellee's Brief at 2. This argument is specious at best. The Commonwealth is well aware that offenses are frequently notated by the police, the prothonotary's office, and sometimes Chambers' secretaries with upper case letters instead of lower case letters, and with Arabic numbers instead of Roman numerals. Contrary to the Commonwealth's implication, it would be unusual for anyone to interpret the use of "I" to actually mean "ii" and not "i."

[3] Annexed to the Order is a sentencing guideline form indicating that the offense was "Robbery-threatens SBI 18 3701 A1II." CR, document # 4 at (unnumbered) 3. Contrary to the Commonwealth's assertion, the
*(Footnote Continued Next Page)*

Because the Commonwealth has asserted that Baer was convicted under subsection (ii), not subsection (i), we must first clarify what exactly was the offense with which Baer was charged, tried, and sentenced. This is a rather startling proposition given the procedural posture of this case.

As noted, the Commonwealth's documents purportedly comprising the criminal information are inconsistent with respect to the charged offense. One page indicates that Baer was charged only under 18 Pa.C.S. § 3701(a)(1)(i); another page states that he was charged under either subsection (i) (inflicts serious bodily injury) **or** (ii) (threatens serious bodily injury), but not both. Following trial, the court hand-wrote its verdict as "guilty on count 1" on the same document where Count 1 is defined as "183701A1I Robbery-Serious Bodily Injury."

During the sentencing hearing, neither the trial court nor the prosecution indicated exactly upon what crime Baer's sentence was based. In addition, at no time during the sentencing hearing did either party seek any sort of clarification from the trial court with respect to the crime for which the court was imposing sentence. Most significantly, the Order of Sentence and the Commitment documents each clearly indicate that Baer

_(Footnote Continued)_ —————————————

sentencing guideline form is not an order of the court and carries no dispositive authority.

[4] The Commonwealth does not argue that subsection (ii) is a lesser included offense of (i).

was convicted of "Count 1 – 18 §3701 §§A1I - Robbery -- *Inflicts* Serious Bodily Injury." CR, Documents #4 and #5 (emphasis added). Thus, we conclude that Baer was convicted of Robbery – inflicts serious bodily injury, 18 Pa.C.S.A. § 3701(a)(1)(i). **See generally Commonwealth v. Brooker**, 103 A.3d 325, 329 n.4 (Pa. Super. 2014) (observing sentencing issues are to be resolved in accordance with the written sentencing order).

We now address whether the evidence presented was sufficient to prove that Baer inflicted serious bodily injury during the course of a theft. It was not.

"Serious bodily injury" is defined by our legislature as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2602.

At trial, Lynn testified as follows:

**LYNN**: [Baer] walked through the door with a couple of friends; and he proceeded to threaten me, saying that I was there simply to have sex with his girlfriend.

\* \* \*

**COMMONWEALTH**: How did you respond to [ ] Baer's accusations?

**LYNN**: I mean, I told him I wasn't there for that, which I wasn't; and he still proceeded to take it further.

**COMMONWEALTH**: Take it further, meaning what?

**LYNN**: He grabbed a sword off of the wall and proceeded to point it at me and threaten me.

* * *

**COMMONWEALTH**: And what did he do after he grabbed the sword off the wall?

**LYNN**: He proceeded to point it at me and tell me I'm either leaving basically beat up or I'm leaving with nothing.

**COMMONWEALTH**: And what was he doing with the sword while he was telling you this?

**LYNN**: He was pointing it right at me.

**COMMONWEALTH**: And how close was he?

**LYNN**: Maybe about six, eight feet away.

* * *

**COMMONWEALTH**: After [ ] Baer made the statement to you, either you were going to leave beat up or with nothing, what did you do?

**LYNN**: I proceeded to strip down to nothing.

**COMMONWEALTH**: Then what did you do?

**LYNN**: I left.

Notes of Testimony-Trial 4/14/14, at 10–12.

There was absolutely no testimony or any other evidence, direct or circumstantial, showing that Baer inflicted serious bodily injury or that Lynn suffered any bodily injury. Thus, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner," we cannot conclude that there was sufficient evidence to enable the fact-finder to find every element

of 18 Pa.C.S. § 3701(a)(1)(i) beyond a reasonable doubt.  Accordingly, we reverse the judgment of sentence.[5]

Judgment of sentence reversed.  Case remanded for proceedings consistent with this memorandum.  Jurisdiction relinquished.

Judge Strassburger concurs in the result.

Judge Jenkins files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/14/2015

---

[5] Due to our disposition, we need not review Baer's second issue.