J-S48014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY NADOLNY | |
| Appellant | No. 1588 WDA 2014 |

Appeal from the Judgment of Sentence September 17, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000563-2014

BEFORE: PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 26, 2015**

Appellant, Timothy Nadolny, appeals[1] from the judgment of sentence entered on September 17, 2014, in the Court of Common Pleas of Erie County. We affirm.

Nadolny lived with the victim in this case for two months, until the victim asked him to move out. The victim has cancer and is confined to a wheelchair. After Nadolny moved out, he eventually returned—by invading

---

[1] Nadolny purports to appeal from the sentencing order entered in this case. **See** Notice of Appeal, filed 9/26/14. "A direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007) (citation omitted). For appeal purposes, **see** Pa.R.Crim.P. 720(A)(3), the imposition of sentence is "the date that the trial court pronounced the sentence in open court, not the date that the order imposing the judgment of sentence was docketed…." **Patterson**, 940 A.2d at 498 (citation omitted).

the residence, wearing a white sheet over his face, and carrying a handgun. Upon his arrival, and despite the sheet, the victim immediately realized it was Nadolny. While holding the handgun to the base of the victim's neck, Nadolny demanded the key to the victim's gunroom. Nadolny never got the key, but he took other items.

Although the victim testified at the preliminary hearing, he was unable to speak by the time of the trial as his larynx (colloquially known as the voice box) had been surgically removed. The Commonwealth moved to have his preliminary hearing testimony read into evidence at trial as his inability to speak rendered the victim unavailable to testify. The trial court agreed. A jury convicted Nadolny of several offenses, including aggravated assault, 18 Pa.C.S.A. § 2702(a)(1). The trial court sentenced Nadolny to 16 to 32 years' imprisonment. This timely appeal followed.

Nadolny first argues that the trial court violated his Sixth Amendment right to confront his accuser when it allowed the Commonwealth to read into evidence at trial the victim's testimony from the preliminary hearing. Nadolny, however, fails to indicate in his brief where he preserved this issue.

Our Rules of Appellate Procedure mandate that the appellant note in his brief the place in the record where he raised or preserved the issue presented on appeal. *See* Pa.R.A.P. 2117(c)(1-4); 2119(e). Here, the brief merely states that Nadolny objected to the *victim's presence* in the courtroom while someone read his preliminary hearing testimony to the jury.

*See* Appellant's Brief, at 7. That is a far different claim than that raised on appeal.

We have reviewed the certified record and are unable to find any objection lodged by Nadolny to the reading of the victim's prior testimony. Nadolny objected to certain content in the statement, *see* N.T., Trial, 7/16/14, at 25-26, and he objected, as mentioned, that the victim "not be in the courtroom" for the reading of the statement, *id*., at 28. Lastly, when asked if he had any other objections, he requested that the reader of the testimony use "no inflection" in her voice. *Id*., at 30. Nadolny also referenced a motion *in limine* that the trial court ruled on and he "renew[ed] the prior objections we have to references to the victim's infirm state or the actions of his dog on that evening." *Id*., at 28. The motion *in limine* is not in the certified record nor do the criminal docket sheets reflect the filing of any such motion. If the motion was made orally, the argument was apparently not transcribed as it does not appear anywhere in the certified record.

Accordingly, Nadolny raises this issue for the first time on appeal. That is impermissible. We find the issue waived. *See* Pa.R.A.P. 302(a).

Even if we had not found the issue waived it would not have afforded Nadolny relief. "The Confrontation Clause … prohibits out-of-court testimonial statements by a witness unless the witness is unavailable and the defendant had a prior opportunity for cross-examination." *Commonwealth v. Yohe*, 79 A.3d 520, 544 (Pa. 2013) (citation and

footnote omitted). Here, the victim cannot speak as his larynx was surgically removed.[2] This rendered him unavailable. But he testified at the preliminary hearing. And Nadolny's counsel had a full opportunity to cross-examine the victim. **See** N.T., Trial, 7/16/14, at 51-58 (trial counsel noting that at preliminary hearing a different attorney conducted the cross-examination of the victim and then read that attorney's cross-examination to the jury). Therefore, we would have found that the trial court committed no error in permitting the admission of the prior testimony at trial. **See Commonwealth v. Rodgers**, 372 A.2d 771, 779 (Pa. 1977) ("It is well established that the prior testimony from a preliminary hearing of an unavailable witness is admissible at trial, provided that the defendant had counsel and a full opportunity to cross-examine the witness during the earlier proceeding.").

Nadolny next contends that the Commonwealth presented insufficient evidence to sustain the conviction for aggravated assault. Appellate review of a challenge to the sufficiency of the evidence is well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test,

---

[2] Nadolny argues that "it is *reasonable* to believe that the court could have explored an alternate way to allow [the victim] to testify." Appellant's Brief, at 7 (emphasis in original). Nadolny fails, however, to offer even *one* such reasonable suggestion.

we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Valentine***, 101 A.3d 801, 805 (Pa.Super. 2014) (citation omitted; brackets in original).

A person commits aggravated assault if he "attempts to cause serious bodily injury to another … under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). "For aggravated assault purposes, an 'attempt' is found where an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." ***Commonwealth v. Fortune***, 68 A.3d 980, 984 (Pa. Super. 2013) (citation and internal quotation marks omitted).

Nadolny argues that the Commonwealth presented no evidence that he took a substantial step towards injuring the victim. We disagree.

Nadolny invaded the victim's home, "slammed" the wheelchair-bound victim between a door and a couch, corralled him into a bathroom, and held

- 5 -

a handgun to the base of the victim's neck, while demanding the key to the victim's gunroom. **See** N.T., Trial, 7/16/14, at 37-38, 42-43. The assault ended when the victim heard his wife coming up from the basement and he yelled for her to "get out of there and call the [s]tate cops." **Id**., at 44. **See also id**., at 42. The only remaining step would have been for Nadolny to pull the trigger, which would have resulted in serious bodily injury. **Cf**. **Fortune**, 63 A.3d at 986-987.

We find that the Commonwealth presented sufficient evidence that Nadolny took a substantial step towards injuring the victim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2015