J-S66041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD GLENN BOWERS, | : | |
| | : | |
| Appellant | : | No.  896 WDA 2015 |

Appeal from the Judgment of Sentence Entered May 12, 2015,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0000820-2009

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 19, 2015**

Richard Glenn Bowers (Appellant) appeals from a judgment of sentence entered in connection with his conviction for indecent assault of a person less than 13 years of age.  We affirm.

After a jury convicted Appellant of the aforementioned offense, the trial court sentenced Appellant to a mandatory sentence of life in prison pursuant to 42 Pa.C.S. § 9718.2(a)(2).  On appeal, Appellant argued, *inter alia*, that his sentence was illegal because, at the time of his current offense, he had not been previously convicted of two or more offenses arising from separate criminal transactions set forth in 42 Pa.C.S. § 9795.1(a) or (b). This Court agreed, concluding that, because Appellant had one relevant previous offense, Appellant should have been sentenced to a mandatory minimum sentence of 25 years in prison pursuant to 42 Pa.C.S.

---

*Retired Senior Judge assigned to the Superior Court.

§ 9718.2(a)(1). *Commonwealth v. Bowers*, 118 A.3d 446 (Pa. Super. 2015) (unpublished memorandum). Consequently, this Court vacated Appellant's judgment of sentence and remanded the case to the trial court for resentencing under subsection 9718.2(a)(1). *Id.*

On May 12, 2015, the trial court sentenced Appellant consistent with this Court's instructions. Appellant timely filed a notice of appeal. The crux of Appellant's argument on appeal is that subsection 9718.2(a)(1) is unconstitutional, rendering his sentence illegal.

Subsection 9718.2(a)(1) provides:

> Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary….

42 Pa.C.S. § 9718.2(a)(1).

Appellant does not dispute that he previously was convicted of a qualifying offense under this statute. Instead, he argues that subsection 9718.2(a)(1) is unconstitutional pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and its progeny.

In *Alleyne*, "the United States Supreme Court [] held that any facts leading to an increase in a mandatory minimum sentence are elements of

the crime and must be presented to a jury and proven beyond a reasonable doubt." ***Commonwealth v. Valentine***, 101 A.3d 801, 809 (Pa. Super. 2014).  However, this Court has explained that

> [p]rior convictions are the remaining exception to ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and ***Alleyne v. United States***. ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), insofar as a fact-finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right.

***Commonwealth v. Hale***, 85 A.3d 570, 585 n.13 (Pa. Super. 2014) (citations omitted).

Thus, because the mandatory minimum sentence contained in subsection 9718.2(a)(1) is predicated upon prior convictions, ***Alleyne*** does not render it unconstitutional.  Consequently, none of the issues or arguments presented by Appellant on appeal warrants relief.  We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/19/2015