J-S11030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FABIAN F. THOMAS | |
| Appellee | No. 1333 MDA 2014 |

Appeal from the Order Entered July 11, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002938-2013

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 18, 2015**

The Commonwealth appeals from the order entered on July 11, 2014, in the Court of Common Pleas of Luzerne County, denying the Commonwealth's motion for leave to amend the bill of information filed against Fabian F. Thomas.  The Commonwealth sought to amend the bill to include the claim Thomas had sold drugs within 1000 feet of the real property of a school.  The trial court denied the motion on constitutional grounds pursuant to **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) and **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013).  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.[1]

---

[1] The Commonwealth has asked that we refrain from deciding this matter until our Supreme Court decides **Commonwealth v. Newman**, **supra**.  Our
*(Footnote Continued Next Page)*

By way of background, Thomas was arrested and charged with a variety of drug and drug related offenses. The Commonwealth believes that Thomas sold or delivered cocaine within 1000 feet of the real property of a school. Until recently, this fact was relevant to the application of a mandatory minimum sentence of two years, pursuant to 18 Pa.C.S. § 6317. Section 6317 provides that with proper notice after trial, the trial court will determine by a preponderance of evidence, based upon facts produced at trial and any additional evidence presented by the Commonwealth and/or defendant at sentencing, whether the drug transaction occurred within 1000 feet of school property.

However, in **Alleyne v. United States**, **supra**, the United States Supreme Court held "when a mandatory minimum sentence is under consideration based upon judicial factfinding of a 'sentencing factor,' that 'sentencing factor' is, in reality, 'an element of a distinct and aggravated crime' and, thus, requires it be proven beyond a reasonable doubt." **Id**. at

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

research informs us that **Newman** has been held by our Supreme Court for the decision in **Commonwealth v. Hopkins**, 98 MAP 2013. **Hopkins** was argued before the Supreme Court in September, 2014. There are a large number of cases being held by our Supreme Court pending the **Hopkins** decision. Because we so not know when the **Hopkins** decision will be issued, we believe it is the better course to decide this matter, thereby allowing the Commonwealth to file a petition for allowance of appeal in order to add this matter to the roster of pending cases.

2163. This holding essentially invalidated all such sentencing provisions, including Section 6317.[2]

Here, the Commonwealth, relying on **Watley**, attempted to avoid the sentencing issues by amending the bill of information to include the distance factor in the charge. [3] However, the trial court properly relied upon the reasoning in **Newman**, determined the offending elements were not severable, and therefore denied the Commonwealth's motion to amend.[4]

_____

[2] **Newman** addressed the sentencing provisions at 42 Pa.C.S. 9712.1 regarding firearms and drugs. Relevant to this matter, **Newman** also found the infirm elements of Section 9712.1 non-severable. Section 6317 was formally declared unconstitutional in **Commonwealth v. Watley**, 81 A.3d 108 (Pa. Super. 2013) (*en banc*). **Watley** also treated the infirm provisions as, but did not hold that they were, severable. **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) recognized the unconstitutionality of Section 6317 and most recently, **Commonwealth v. Bizzel**, ___ A.3d. ___, 2014 PA Super 267 (12/2/2014), applied **Newman** and determined the infirm elements of Section 6317 were not severable. In a concurring opinion in **Bizzel**, Judge Bowes reiterated her consistent position that the burden of proof aspects of Section 6317, and similar statutes, are severable.

[3] The Commonwealth's request to amend the bill of information occurred prior to the **Bizzel** decision.

[4] In addition to challenging the constitutionality of Section 6317, Fabian also argued the Commonwealth's attempt to amend the bill of information conflicted with Pa.R.Crim.P. 564. The trial court did not rule on this aspect of the claim. Similarly, we decline to address this argument pending the outcome of **Hopkins/Newman**.

Accordingly, while the issue will ultimately be decided by our Supreme Court in **Hopkins**/**Newman**, under the current state of the law, we are required to affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015