J-S11024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN FELIX MENDEZ, JR. | |
| Appellant | No. 1175 MDA 2014 |

Appeal from the Judgment of Sentence June 9, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005554-2012

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 18, 2015**

John Felix Mendez, Jr. appeals the judgment of sentence imposed June 9, 2014, in the Lancaster County Court of Common Pleas.  The trial court imposed a mandatory minimum sentence[1] of three to six years' imprisonment following Mendez's jury conviction, *in absentia*, of possession with intent to deliver cocaine and possession of drug paraphernalia.[2]  On appeal, Mendez contends the sentence imposed is unconstitutional in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013).  We agree.

---

[1] **See** 18 Pa.C.S. § 7508(a)(3)(ii).

[2] 75 Pa.C.S. §§ 780-113(a)(30) and (a)(32).

The charges against Mendez arose following the execution of a search warrant at his residence on St. Joseph Street in Lancaster, Pennsylvania. The search uncovered 24.9 grams of cocaine, as well as various items used to cut and package cocaine for distribution. On August 26, 2013, Mendez filed a motion to suppress the evidence recovered during the search and statements he made later at the police station. Following a hearing, the trial court entered an order on November 21, 2013, denying the motion to suppress.

After Mendez expressed his desire to proceed *pro se*, the trial court, on April 28, 2014, conducted a **Grazier**[3] hearing. The court determined that Mendez's waiver of counsel was knowing and voluntarily, and provided Mendez with personal notice of his June 9, 2014, trial date.[4] On June 3, 2014, Mendez filed a second motion to suppress, *pro se*, "which contained no new information that had not been previously determined by the prior suppression motion and hearing." Trial Court Opinion, 8/18/2014, at 2.

On June 9, 2014, Mendez failed to appear for trial. The trial court denied Mendez's second suppression motion, and proceeded to conduct his jury trial *in absentia*. The jury returned a verdict of guilty on both charges, specifically finding (1) the crime occurred within a drug free school zone,

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[4] According to the trial court, "Court Adminstration also sent [Mendez] notice of his time and date for trial." Trial Court Opinion, 8/18/2014, at 2.

and (2) the weight of the cocaine was 24.9 grams. *See* Jury Verdict, 6/9/2014. *See also* 18 Pa.C.S. §§ 6317 and 7508. The trial court proceeded immediately to sentencing, and imposed a mandatory minimum sentence, pursuant to 18 Pa.C.S. § 7508(a)(3)(ii),[5] of three to six years' imprisonment on the charge of PWID, and a concurrent term of one year probation for the charge of possession of paraphernalia. Mendez was subsequently arrested on a bench warrant,[6] and this timely appeal followed.[7]

Mendez's sole issue on appeal challenges the legality of his sentence. He argues the trial court's imposition of the mandatory minimum sentence set forth in Section 7508 is unconstitutional pursuant to the United States Supreme Court's decision in *Alleyne*. *See Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) ("[A] challenge to a sentence

---

[5] *See id.* (mandatory minimum three year sentence for possession with intent to deliver more than 10, but less than 100 grams of cocaine).

[6] The trial court stated in its opinion that when Mendez was "picked up on [the] bench warrant, he told the court that he knew his trial was to begin on June 9, but he did not appear because he had filed a motion on June 3, 2014." Trial Court Opinion, 8/18/2014, at 5.

[7] On July 17, 2014, the trial court ordered Mendez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mendez complied with the court's directive, and filed a concise statement, *pro se*, on August 7, 2014. Thereafter, on September 29, 2014, Mendez filed an application for relief in this Court requesting the appointment of appellate counsel. By order entered September 30, 2014, this Court granted Mendez's application and directed the trial court to appoint counsel for direct appeal. Counsel was subsequently appointed, and filed a substantive brief on Mendez's behalf.

- 3 -

premised upon **Alleyne** … implicates the legality of the sentence and cannot be waived on appeal.").

In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be **submitted to the jury** and found **beyond a reasonable doubt**." **Alleyne**, 133 S.Ct. at 2155 (emphasis supplied). Applying that mandate, this Court, sitting *en banc,* concluded that **Alleyne** rendered the mandatory minimum sentencing provision of 42 Pa.C.S. § 9712.1 unconstitutional. **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).

The **Newman** Court noted that Subsection (c) of that statute permitted the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence, *i.e.*, the defendant possessed or was in close proximity to a firearm while selling drugs, were proven **by a preponderance of the evidence**. **See** 42 Pa.C.S. § 9712.1(c). However, under the reasoning of **Alleyne**, the *en banc* Court found that "Section 9712.1 can no longer pass constitutional muster." **Newman**, **supra**, 99 A.3d at 98. The Court opined:

> [Section 9712.1(c)] permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs. Under **Alleyne***,* the possession of the firearm must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence. As that is not the case instantly, we are constrained to vacate

appellant's sentence and remand for resentencing without regard for any mandatory minimum sentence prescribed by Section 9712.1.

*Id.* at 98.

Furthermore, the **Newman** Court rejected the Commonwealth's suggestion that the illegality of the statute could be remedied upon remand, by empanelling a jury to consider the factual questions necessary to impose the mandatory minimum. The Court held:

> We find that Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected. Following **Alleyne**, Subsection (a) must be regarded as the elements of the aggravated crime of possessing a firearm while trafficking drugs. If Subsection (a) is the predicate arm of Section 9712.1, then Subsection (c) is the "enforcement" arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.

*Id.* at 101. The Court concluded "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following **Alleyne**. We cannot do so." *Id.* at 102.

Following the dictates of **Newman**, an *en banc* panel in **Commonwealth v. Vargas**, ___ A.3d ___, 2014 PA Super. 289 (filed December 31, 2014) (*en banc*), concluded that the mandatory minimum provisions set forth in Section 7508, which are structured in the same manner as Section 9712.1, are also constitutionally infirm. *Id.* at *17.

We recognize that the trial court, in the present case, attempted to comply with the dictates of **Newman** by requesting the jury to determine

beyond a reasonable doubt whether the facts supported imposition of the mandatory minimum sentences. *See* Jury Verdict, 6/9/2014. However, this Court rejected such a procedure in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super 2014).

In *Valentine*, the trial court permitted the Commonwealth to amend the criminal information to include the allegations that the defendant committed a crime of violence (1) while visibly possessing a firearm and (2) in or near public transportation, facts necessary to impose mandatory minimum sentences under 42 Pa.C.S. §§ 9712 and 9713. *Id.* at 804. Furthermore, similar to the present case, the court then included questions on the verdict sheet which allowed the jury to determine beyond a reasonable doubt whether the facts supported imposition of the mandatory minimum. *Id.* at 811. In finding that the trial court performed an "impermissible legislative function," the *Valentine* Court opined:

> The trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were unconstitutional under *Alleyne,* and that Subsections (a) of 9712 and 9713 survived constitutional muster. By asking the jury to determine whether the factual prerequisites set forth in § 9712(a) and § 9713(a) had been met, the trial court effectively determined that the unconstitutional provisions of § 9712(c) and § 9713(c) were severable. Our decision in *Newman* however holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but "essentially and inseparably connected" and that the statutes are therefore unconstitutional as a whole.
>
> Moreover, *Newman* makes clear that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory

> minimum sentences in Pennsylvania following *Alleyne.*"
> Therefore, the trial court lacked the authority to allow the jury to
> determine the factual predicates of §§ 9712 and 9713.

*Id.* at 811-812 (internal citations omitted).

The same is true here. Therefore, we are constrained by *Valentine*, *Newman* and *Vargas* to reverse the judgment of sentence, and remand for resentencing without consideration of the Section 7508 mandatory minimum.[8]

Judgment of sentence vacated. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015

---

[8] We note that, upon remand, the trial court is also precluded from imposing the "drug-free school zone" mandatory minimum set forth in 18 Pa.C.S. § 6317(a). That statute, too, has been found constitutionally infirm under *Alleyne*. *See Commonwealth v. Bizzel*, ___ A.3d ___, 2014 PA Super 267 (Pa. Super. filed December 2, 2014).