J-S16045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT HENGST, JR. | |
| Appellant | No. 1276 MDA 2014 |

Appeal from the Judgment of Sentence February 24, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005609-2013

BEFORE:  PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 02, 2015**

Robert Hengst, Jr., appeals the judgment of sentence imposed February 24, 2014, in the York County Court of Common Pleas.  The trial court imposed a sentence of nine to 18 months' imprisonment following Hengst's jury conviction of terroristic threats.[1]  On appeal, Hengst argues the court imposed an illegal sentence under **Alleyne v. United States**, 133 U.S. 2151 (2013), when it applied the deadly weapon (used) enhancement to his sentencing guideline range.[2]  For the reasons below, we affirm.

The facts underlying Hengst's conviction are as follows.  On May 20, 2013, Hengst met with Harold Wire in a room at the Julius Motel in

_____

[1] 18 Pa.C.S. § 2706(a)(1).

[2] 204 Pa.Code § 303.10(a)(2).

Strinestown, York County, to sell him crack cocaine. Wire was purchasing the drugs for Shari Fogle, who was waiting in another room at the motel. In exchange for the drugs, Wire gave Hengst Fogle's food stamp Access card. After Hengst left, Fogle smoked the crack cocaine and was unhappy with the quality of the drugs. Fogle then cancelled her Access card. Shortly thereafter, an angry Hengst called Wire and said he "wanted [Fogle] to make up for what she did." N.T., 1/24/2014, at 73. Hengst then returned to the motel and threatened Fogle. Fogle explained that Hengst pulled up his shirt to display a gun protruding from the top his pants, and stated to her, "you're lucky I don't shoot your F'ing A[.]" *Id.* at 56, 74. Fogle then gave Hengst two pieces of her jewelry "to calm him down." *Id.* at 74. Hengst took the jewelry as payment for the cocaine, and left. Soon thereafter, Fogle called the police.

Hengst was charged with one count of terroristic threats. His case proceeded to a jury trial, and, on January 24, 2014, the jury returned a verdict of guilty. The jury was also instructed that, if they found Hengst guilty of terroristic threats, they were to determine whether he used a deadly weapon in committing that crime. *Id.* at 126. The jury answered that question, "Yes." *Id.* at 128.

At the February 24, 2014, sentencing hearing, the trial court applied the deadly weapon (used) sentencing enhancement to increase the sentencing guideline range for Hengst's conviction. After reviewing a presentence investigation report, the court imposed a standard range

sentence of nine to 18 months' imprisonment.[3]  Hengst filed a timely post-sentence motion challenging the weight of the evidence and the court's application of the deadly weapon (used) rather than the deadly weapon (possessed) sentencing enhancement.[4]   The court denied Hengst's motion on June 26, 2014, and this appeal followed.[5]

The sole issue raised on appeal challenges the trial court's application of the deadly weapon sentencing enhancement in light of the United States Supreme Court's decision in **Alleyne**.   Hengst argues that the holding of **Alleyne** is not limited to mandatory minimum sentences.   Rather, he contends:

> The Supreme Court's holdings in [**Alleyne** and its predecessor, **Apprendi v. New Jersey**, 530 U.S. 466 (2000),] protect a defendant not just from increases the legislature decided to conveniently name "mandatories," but from any "facts that increase the prescribed range of penalties to which a criminal

---

[3] Hengst had a prior record score of one and an offense gravity score of three.  N.T., 2/24/2014, at 3, 6.  Therefore, the standard range guideline sentence for his conviction would be restorative sanctions to six months' imprisonment.  **See** 204 Pa.Code § 303.16(a).  With the deadly weapon (used) sentencing enhancement, his standard range sentence increased to six to 12 months' imprisonment.  **See** 204 Pa.Code § 303.17(b); N.T., 2/24/2014, at 6.

[4] Hengst also requested the trial court stay his sentence pending his appeal.  However, the court denied that request following a hearing on March 11, 2014.

[5] On July 28, 2014, the trial court ordered Hengst to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Hengst complied with the court's directive, and filed a concise statement on August 18, 2014.

defendant is exposed."  See **Alleyne**, 133 S.Ct. at 2160 citing **Apprendi**, 530 U.S. at 490.

Hengst's Brief at 9.  Hengst asserts the sentencing enhancement applied in his case required a finding that he "used a deadly weapon during the commission of the current conviction offense,"[6] which, pursuant to **Alleyne**, should have been determined by the jury.  Accordingly, he argues his sentence is illegal.[7]

In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  **Alleyne**, 133 S.Ct. at 2155 (emphasis supplied).  Applying that mandate, this Court has held that **Alleyne** renders most of our mandatory minimum sentencing statutes unconstitutional.  **See Newman**, **supra** (finding 42 Pa.C.S. § 9712.1 unconstitutional).  **See also Commonwealth v. Vargas**, 108 A.3d 858 (Pa. Super. 2014) (*en banc*) (applying **Newman** to 18 Pa.C.S. § 7508); **Commonwealth v. Bizzel**, 107 A.3d 102 (Pa. Super. 2014) (applying **Newman** to 18 Pa.C.S. § 6317); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super 2014) (applying **Newman** to 42 Pa.C.S. §§ 9712 and 9713).

---

[6] 204 Pa.Code § 303.10(a)(2).

[7] Although Hengst did not raise this claim in his post-sentence motion, this Court has held that "a challenge to a sentence premised upon **Alleyne** … implicates the legality of the sentence and cannot be waived on appeal." **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*).

Hengst argues that "[e]nhancements to a defendant's sentence, such as the [deadly weapon enhancement], are not in form or function any different than those mandatories conveniently laid out in one easy-to-read, yet now unconstitutional, subsection." Hengst's Brief at 10. He further asserts that, like the mandatory minimum statutes found unconstitutional in **Newman**, application of the enhancement matrix is **mandatory** if a defendant either possessed or used a deadly weapon during the commission of crime, and the crime does not include the use of a deadly weapon as an element of that offense.[8] **Id.** at 11-12. Therefore, Hengst contends the enhancement requires the trial court to "increase the penalty for crimes that do not intrinsically contain a deadly weapon element by adding the element … through the enhancement." **Id.** at 13. Accordingly, he states the enhancement provisions violate **Alleyne**.

Recently, a panel of this Court, in **Commonwealth v. Ali**, ____ A.3d ____, 2015 PA Super 45 (March 5, 2015), considered whether the application of the school zone enhancement, set forth in the same statute as the deadly weapon enhancement, violated **Alleyne**.[9] In concluding that it did not, the

---

[8] Section 303.10(a)(3) precludes application of the deadly weapon enhancement to offenses which include the possession of a deadly weapon as a statutory element of the crime. 204 Pa.Code § 303.10(a)(3)(i)-(ix).

[9] "The general rule followed in Pennsylvania is that we apply the law in effect at the time of the appellate decision." **Commonwealth v. Parker**, 644
*(Footnote Continued Next Page)*

panel explained the critical difference between the mandatory minimum statutes and the sentencing enhancement statute:

> ***Alleyne*** has no application to the sentencing enhancements at issue in this case. The parameters of ***Alleyne*** are limited to the imposition of mandatory minimum sentences, *i.e.,* where a legislature has prescribed a mandatory baseline sentence that a trial court must apply if certain conditions are met. **The sentencing enhancements at issue impose no such floor. Rather, the enhancements only direct a sentencing court to consider a different range of potential minimum sentences, while preserving a trial court's discretion to fashion an individual sentence.** By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. **The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentences.** Even then, the trial court need not sentence within that range; the court only must consider it. Thus, even though the triggering facts must be found by the judge and not the jury—which is one of the elements of an ***Apprendi*** or ***Alleyne*** analysis—the enhancements that the trial court applied in this case are not unconstitutional under ***Alleyne****.*
>
> … The enhancements do not bind the trial court to impose any particular sentence, nor do they compel the court to sentence within the specified range. Indeed, it is well-settled that the sentencing guidelines ultimately are only advisory. ***Commonwealth v. Griffin****,* 804 A.2d 1, 8 (Pa. Super. 2002). Thus, ***Alleyne*** has no application to the enhancements.

*(Footnote Continued)* —————————————

A.2d 1245, 1249 (Pa. Super. 1994), *appeal denied*, 658 A.3d 793 (Pa. 1995).

*Id.* at \*14-\*15 (emphasis supplied).  ***See also Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (noting, *sua sponte* that the trial court's application of the deadly weapon enhancement did not violate ***Alleyne***; "If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range."), *appeal denied*, 104 A.3d 1 (Pa. 2014).

We find the same reasoning applies to the application of the deadly weapon enhancement in the present case.  The enhancement simply increased the "range of **potential** minimum sentences" the trial court could impose.  ***Ali***, ***supra***, at \*14.  The enhancement did not mandate a particular sentence, and the court, at all times, retained the discretion to sentence Hengst below the guidelines range.  Accordingly, we conclude, like the Court in ***Ali***, that the trial court's application of the deadly weapon enhancement to Hengst's sentencing guideline range did not violate ***Alleyne***.  Therefore, Hengst's only issue on appeal fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015

- 7 -