J-A12036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FIDEL G. MONTANEZ, | |
| Appellant | No. 1127 MDA 2014 |

Appeal from the Judgment of Sentence entered June 17, 2014,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0002170-2013

BEFORE:  BOWES, DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED JUNE 10, 2015**

Fidel G. Montanez ("Appellant") appeals from the judgment of sentence imposed after the trial court convicted him of aggravated assault and recklessly endangering another person.[1]  We affirm Appellant's convictions but remand for re-sentencing for the reasons discussed below.

The pertinent facts and procedural history are as follows:  On March 24, 2013, Officers from the Lancaster City Bureau of Police received a report of a shooting at a bar on 243 West King Street in Lancaster, Pennsylvania. Affidavit of Probable Cause, 3/27/13.  Upon arrival, the officers encountered the victim, identified as Esau Gomez, lying on the ground of a parking lot with a gunshot wound to his leg.  **Id**.  The victim related that he had been

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 2705.

involved in an altercation with three Hispanic males, one of whom pointed a gun at him and fired four to five shots in his direction, hitting him once in the leg. *Id*. Following an investigation, police arrested Appellant and charged him with attempted murder, aggravated assault, and recklessly endangering another person.

A non-jury trial commenced on March 17, 2014, at the conclusion of which on March 19, 2014, the trial court found Appellant not guilty of attempted murder, and guilty of aggravated assault and recklessly endangering another person. After rendering its verdict, the trial court made a separate, specific factual finding that a firearm was visibly possessed during the course of the commission of the crime, for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712. N.T., 3/19/14, at 253-254.

Following a hearing on June 17, 2014, the trial court sentenced Appellant to a term of imprisonment of 5 to 10 years for aggravated assault, under the mandatory minimum sentencing provisions of § 9712. The sentence for recklessly endangering another person merged with aggravated assault for sentencing purposes.

Appellant filed a timely post-sentence motion, which the trial court denied on June 23, 2014. Appellant filed a timely appeal, and both Appellant and the trial court complied with Pa.R.A.P. 9125(b). Appellant presents three issues for our review:

I.    WHETHER THE [TRIAL] COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND FOUND THERE WAS SUFFICIENT EVIDENCE TO CONVICT APPELLANT OF AGGRAVATED ASSAULT BEYOND A REASONABLE DOUBT, WHEN THE ONLY EYEWITNESS TESTIMONY REGARDING APPELLANT POINTING A FIREARM AT THE VICTIM WAS EXPLICITLY CONTRADICTED AND PROVEN FALSE BY OBJECTIVE VIDEO FOOTAGE OF THE EVENTS IN QUESTION?

II.    WHETHER THE [TRIAL] COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR A NEW TRIAL, FINDING THE AGGRAVATED ASSAULT VERDICT WAS NOT AGAINST THE WEIGHT OF THE EVIDENCE, DESPITE THE ONLY EYEWITNESS TESTIMONY CONCERNING APPELLANT'S POINTING A FIREARM AT THE VICTIM BEING EXPLICITLY CONTRADICTED AND PROVEN FALSE BY OBJECTIVE VIDEO FOOTAGE OF THE EVENTS IN QUESTION?

III.    WHETHER THE [TRIAL] COURT'S "MANDATORY" SENTENCE IMPOSED PURSUANT TO 42 PA.C.S.A. § 9712 WAS ILLEGAL, IN THAT THE SENTENCING STATUTE'S UNCONSTITUTIONAL PORTIONS ARE NON-SEVERABLE FROM ITS REMAINING PORTIONS AND THE STATUTE IGNORES THE MANDATES OF **ALLEYNE** AND ITS PROGENY?

Appellant's Brief at x.

In his first issue, Appellant argues that the evidence was insufficient to support his aggravated assault conviction.  When reviewing a challenge to the sufficiency of the evidence, we are bound by the following:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt.  Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all,

part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012).

Appellant maintains that the evidence was insufficient for the trial court as fact finder to determine how and when the victim was shot, in order to establish Appellant's guilt beyond a reasonable doubt and support his aggravated assault conviction. Appellant's Brief at 12-23.

To support a conviction for aggravated assault pursuant to 18 Pa.C.S.A § 2702(a)(1), the Commonwealth is required to demonstrate that Appellant "attempt[ed] to cause serious bodily injury to another, or cause[d] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." "Where serious bodily injury is inflicted, the Commonwealth is not required to prove a specific intent; this is because aggravated assault may be proven if the defendant acted recklessly." *Commonwealth v. Hlatky*, 626 A.2d 575, 581 (Pa. Super. 1993).

Reckless conduct is defined at 18 Pa.C.S.A § 302(b)(3) as follows:

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a

- 4 -

gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

At trial, the victim, Esau Gomez, testified that on the date in question, he, along with his brother-in law, Manuel Diego Esteban, and a friend named Hernan Hernandez, became involved in a verbal altercation with Appellant and his companions inside a bar on 243 West King Street. N.T., 3/17/14, at 17-22. After leaving the bar, the verbal altercation escalated into a physical fight in the parking lot. *Id*. at 35-36. The victim testified that Appellant retrieved a gun, pointed it up in the air, and then raised his hand, pointed it towards the victim, and fired a shot which struck the victim in the thigh. *Id*. at 36-37. Appellant then fired four or five more shots towards the victim's companions, who fled the scene. *Id*. at 38-40. Appellant and his companions proceeded to kick and punch the victim for several more minutes, but left before police arrived. *Id*. at 40-42. The Commonwealth additionally presented the testimony of Appellant's brother-in-law, Manuel Diego Esteban, who testified that he saw an individual with a gun raise it, fire in the air, and then shoot the victim in the leg. *Id*. at 84-86, 101.

Appellant, who testified at trial, offered a different version of events. Although Appellant admitted he had a gun and fired it on the night of the incident, he testified that he "never leveled" his gun to shoot the victim, that he only shot multiple times "up in the air" in an effort to "clear everybody out", and that it was not his intent to hurt anybody. N.T., 3/19/14, at 213-221. The trial court, however, did not find Appellant's testimony credible,

and concluded that the evidence established that Appellant shot the victim, and in doing so, acted recklessly, explaining in its Pa.R.A.P. 1925(a) opinion that "[t]estimony at trial indicated that [Appellant] knowingly, under the circumstances, manifested extreme indifference to the value of human life by running and firing a gun multiple times." Trial Court Opinion, 10/2/14, at 2-3. The trial court reasoned that "based upon the shell casings, [Appellant] must have been moving as the weapon was discharged [and that] to say that somehow it was just an accident that it went off and it was an accident that it struck [Appellant] defies credibility." N.T., 3/19/14, at 252-253. The trial court concluded that "[Appellant's] conduct in this case consciously disregarded a substantial and unjustifiable risk that serious bodily injury would result from his conduct." *Id*.

Upon review, we conclude that the Commonwealth presented sufficient evidence to support the trial court's determination that Appellant acted recklessly. Although Appellant argues that the video surveillance footage did not support the victim's assertion that Appellant levelled the gun at him, the victim testified that Appellant shot him, and the evidence, including the video surveillance footage, was sufficient to establish that in the course of an altercation, Appellant retrieved a weapon and while standing in close proximity to the victim, fired the weapon multiple times, resulting in the victim sustaining a gunshot injury to the leg. Although Appellant presented a different version of events, we reiterate that the trial court as fact-finder is free to believe all, part, or none of the evidence, and that the evidence

established at trial need not preclude every possibility of innocence. *See e.g., Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted). Moreover, it is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. *Id*. We thus find no error in the trial court's determination that the Commonwealth sustained its burden of proving beyond a reasonable doubt that Appellant recklessly caused serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, to satisfy every element of the crime of aggravated assault. Appellant's sufficiency claim is without merit.

Appellant next challenges the weight of the evidence. Our scrutiny of whether a verdict is against the weight of the evidence is governed by the principles set forth in *Champney*, *supra*:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

In his weight claim, Appellant argues that the trial court's determination that Appellant aimed his weapon at the victim was based on

speculation and assumptions that were disproved by the evidence of record. Appellant's Brief at 24-27. Specifically, Appellant claims that the victim's version of events – that Appellant pointed the gun at him and shot him - was refuted by the video surveillance footage of the shooting and could not be believed, and therefore the trial court's verdict was against the weight of the evidence. *Id*.

"A new trial is warranted on a challenge to the weight of the evidence only if the verdict is so contrary to the evidence as to shock one's sense of justice. Furthermore, issues of credibility are left to the trier of fact; the [factfinder] is free to accept all, part, or none of the witness testimony." *Commonwealth v. Russell*, 665 A.2d 1239, 1246-1247 (Pa. Super. 1995) (citations omitted). Here, the trial court found credible the testimony of the Commonwealth's witnesses and evidence. Although Appellant asserts that the trial court's determination that Appellant directed his gun in the victim's direction was "speculative", the trial court, within its province as fact finder, viewed the video surveillance footage, and concluded that at some juncture in the course of the altercation, Appellant, while firing his gun, directed it at the victim, shooting him in the leg.

Upon careful review of the record, including the video footage, we conclude that Appellant's claim that the evidence was too speculative and incredible to support his conviction to be meritless. The panning character of the video footage does not show the victim being shot, and makes it difficult to determine the precise moment at which the victim was shot, it

does not disprove that Appellant recklessly fired his gun in the direction of the victim. We find no abuse of discretion in the trial court's finding that the testimony and evidence presented by the Commonwealth was credible. *See* ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 541 (Pa. Super. 1995) (it is solely for the finder of fact to determine the credibility of witnesses and to resolve any conflicts or inconsistencies in the evidence).

In his final issue, Appellant argues that the trial court imposed an illegal sentence when it sentenced him to the mandatory minimum set forth in 42 Pa.C.S.A. § 9712. Appellant's Brief at 27-32. Appellant bases his argument on the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), and this Court's decisions in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) and ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super. 2014). Pursuant to ***Alleyne***, "a fact that increases the sentencing floor is an element of the crime [that] must be submitted to a fact-finder and proven beyond a reasonable doubt. The ***Alleyne*** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." ***Commonwealth v. Watley***, 81 A.3d 108, 117 (Pa.Super.2013) (footnote omitted).

In ***Valentine***, in reliance on ***Alleyne*** and ***Newman***, we found section 9712 to be facially unconstitutional because it permitted a trial judge to

increase a defendant's sentenced based on a preponderance of the evidence standard. In reliance on **Newman**, we explained that the unconstitutional provision of § 9712 could not be severed from the remainder of the statute, and therefore the statute was unconstitutional as a whole.

Here, the record reflects that at the sentencing hearing, the trial court expressed that it was applying section 9712, stating on the record, "I think the mandatory minimum ... is an acceptable sentence." N.T., 6/17/14, at 7. Because pursuant **Valentine**, **Newman**, and **Alleyne**, section 9712 has been declared facially unconstitutional, we must vacate the Appellant's sentence and remand for re-sentencing without consideration of the § 9712 mandatory minimum sentencing provision.

We recognize that at trial, the trial court as fact finder made a separate and specific factual determination that Appellant visibly displayed a gun, which would appear to comport with the requirements of **Alleyne** that the factual prerequisites of the mandatory minimum sentence be decided by the finder of fact beyond a reasonable doubt. However, in **Valentine**, we made clear that the unconstitutional provisions of § 9712 were not severable, but "essentially and inseparably connected" to the rest of the statute, thereby rendering the statute unconstitutional as a whole. In both **Newman** and **Valentine**, we rejected efforts by the Commonwealth and trial courts to create new procedures in an effort to impose mandatory minimum sentences in compliance with **Alleyne**. **See Newman**, 99 A.3d at 101 (rejecting Commonwealth's request for remand for the empanelling of a

sentencing jury "for the determination, beyond a reasonable doubt, as to whether the conditions obtain under the evidence such that a mandatory minimum sentence should be imposed"); *Valentine,* 101 A.3d at 801 (rejecting Commonwealth's effort to comply with *Alleyne* by asking the jury, on the verdict slip, to determine beyond a reasonable doubt whether Appellant possessed a firearm that placed the victim in fear of immediate serious bodily injury in the course of committing a theft for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712(a), and whether the crime occurred in whole or in part at or near public transportation, for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9713(a)); *Commonwealth v. Fennell,* 105 A.3d 13 (Pa. Super. 2014) (rejecting Commonwealth's assertion that because the appellant stipulated to the drug weight for the purposes of trial, any error regarding *Alleyne* was rendered harmless, and holding instead that creating such a new procedure in an effort to impose a mandatory minimum sentence is solely within the province of the legislature).

Similarly, in the instant case, the requirements of *Alleyne* cannot be circumvented by presenting to the trial court for determination beyond a reasonable doubt, whether Appellant visibly possessed the firearm. Because § 9712 is unconstitutional in its entirety, the mandatory minimum sentence imposed under this statute is illegal.

Having found no merit to the sufficiency and weight of the evidence claims raised by Appellant, we affirm his convictions. However, we are

constrained to vacate Appellant's judgment of sentence and remand for resentencing.

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Donohue joins the Memorandum.

Judge Bowes concurs in the result.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/2015