J-S39023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HASSAN GRIMES | |
| Appellant | No. 2640 EDA 2014 |

Appeal from the PCRA Order August 21, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003104-2011

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                         **FILED OCTOBER 16, 2015**

Hassan Grimes appeals the order entered August 21, 2014, in the Delaware County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Grimes seeks relief from the judgment of sentence of an aggregate six years, three months to 12 years, six months' incarceration, followed by seven years' probation, imposed after a jury found him guilty of robbery, theft, simple assault, unlawful restraint, forgery and access device fraud.[1] On appeal, Grimes argues the PCRA court erred in denying his claim that

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 3921(a), 2701(a)(3), 2902(a)(1), 4101(a)(2), and 4106(a)(1)(ii), respectively.

trial counsel was ineffective for failing to present an alibi witness. For the reasons that follow, we affirm.

The PCRA court aptly summarized the facts underlying Grimes' conviction as follows:

> On May 5, 2011, Kimberly Shoup exited a Starbucks with her one-year-old daughter. As she walked with her child in her arms and opened the car door, someone grabbed her from behind. The assailant pulled Ms. Shoup back against him, told her not to turn around, and put a gun against her face. The assailant told Ms. Shoup to give him her rings and watch and asked where her purse was located. Ms. Shoup told him it was on the front passenger seat of her car. Because Ms. Shoup's head was lowered, she did not see the assailant take the purse. Ms. Shoup heard the assailant move away, and she heard a car start. Ms. Shoup then placed her child in the car seat, and drove to the front of the Starbucks. She alerted a staff member, who called 911. Ms. Shoup was able to provide the police with a general description of the assailant, including skin color, facial hair, height, and clothing. After giving her statement to the police, Ms. Shoup learned that the credit cards that were in her stolen purse had been used. She then informed the police as to the stores where the credit cards had been used.
>
> The police were able to recover a video from one of those stores. A copy of the video showing the person who used the credit card played on the local news. [Grimes] subsequently turned himself in to the police.

Commonwealth v. Hassan Grimes, [82 A.3d 457] 1279 EDA 2012 pp. 1-2 (filed June 7, 2013) [unpublished memorandum] (citations omitted).

> The robbery took place outside a Starbucks located on Lancaster Avenue in Wayne, Delaware County just before 10:00 a.m. At trial the Commonwealth presented the testimony of Megan Johnson. Ms. Johnson lived in Wayne on Midland Avenue, a street that is adjacent to the Starbucks parking lot. Sometime before 10:00 a.m., around the time of the robbery, Ms.

- 2 -

Johnson's dog began to bark. She went outside of her home to investigate and saw someone trying to get through bushes on a neighbor's property. She yelled at the person and saw an African-American man jump through the bushes and run to a white Toyota that was parked on Midland Avenue near her house. She was able to get the license plate number and she reported her observations to the police. Sometime earlier, around 9:25 a.m., another neighbor, Rebecca Wood, saw a white Toyota occupied by a black male illegally parked on Midland Avenue. She saw the man exit the white Toyota and look down a driveway in the direction of the Starbucks. He re-entered the Toyota and drove away. At about the time of the robbery a Radnor Township police officer "chaulked" the tire of a white [Toyota] parked on Midland Avenue when he was conducting a routine patrol of the area to determine whether parked vehicles were in compliance with a two-hour parking restriction in effect on that street. He "chaulked" a few other vehicles on the street and then saw the white Toyota turn in the middle of the street and leave. He was dispatched to the Starbucks robbery at this time.

At trial [Grimes] testified. He admitted that he used the victim's credit cards to "shop," but claimed that he did not rob her. He came to possess the cards through an acquaintance, Antoine Twizzy, who he knew from playing basketball. [Grimes] testified that while he was waiting for a bus at the Darby Transportation Center, Twizzy drove up and told [Grimes] he had "some work" and would split the proceeds of the work with [Grimes]. [Grimes] and Twizzy went on a shopping spree with Ms. Shoup's credit cards and shared the items that [Grimes] purchased.

PCRA Court Opinion, 12/2/2014, at 3-4 (record citations omitted).

Grimes was arrested and charged with a multitude of offenses.[2] The case proceeded to a jury trial. On January 13, 2012, the jury returned a

_____

[2] Although Grimes was charged with 33 counts in all, the case proceeded to the jury on only seven counts.

- 3 -

verdict of guilty on the aforementioned charges.[3]  Grimes was sentenced on March 1, 2012 to an aggregate term of six years, three months to 12 years, six months' incarceration, followed by seven years' probation.[4]  A panel of this Court affirmed his judgment of sentence on direct appeal.  ***Grimes***, ***supra***.

On February 18, 2014, Grimes filed a timely, counseled PCRA petition[5] asserting trial counsel's ineffectiveness for failing to present a purported alibi witness, Nashira Harris.  Grimes averred trial counsel knew Harris was a potential witness, but failed to call her to testify.  To support his claim, he attached to his PCRA petition an affidavit, signed by Harris, in which she attested:  (1)  she was at the Darby Transportation Center in Darby, Pennsylvania, on the morning of May 5, 2011; (2) at 9:26 a.m., she saw Grimes there and spoke with him for a few minutes; (3) a week after Grimes' arrest, she received a telephone message from his trial attorney

_____

[3] Grimes was found not guilty of terroristic threats.  ***See*** 18 Pa.C.S. § 2706(a)(1).

[4] We note the trial court imposed a mandatory minimum five-year sentence for Grimes' conviction of robbery pursuant to 42 Pa.C.S. § 9712, a statute that has been found to be constitutionally infirm in light of the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013).  ***See Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super 2014).  Nevertheless, this Court has recently held that "***Alleyne*** is not entitled to retroactive effect in [a] PCRA setting."  ***Commonwealth v. Riggle***, ___ A.3d ___, 2015 PA Super 147, *6 (July 7, 2015).

[5] PCRA counsel entered his appearance on July 22, 2013.

asking her to call him; (4) she returned the call, leaving four or five messages for Grimes' attorney, but never spoke to him; and (5) she would have been available to testify on Grimes' behalf at trial. *See* Petition for Post-Conviction Collateral Relief, 2/18/2014, at Exhibit A, Affidavit of Harris. After the Commonwealth filed a response, the PCRA court scheduled an evidentiary hearing for August 12, 2014.

Both Grimes and his trial attorney testified at the evidentiary hearing.[6] Although Harris attended the hearing, PCRA counsel did not present her as a witness. Counsel provided the following explanation to the court:

> I have interviewed and received an affidavit from a Nashira Harris. The affidavit is of January the 15th, 2014, which was attached to the Petition for Post-Conviction Relief. I have had an opportunity to speak with Ms. Harris this morning, who is present in the courtroom, she's seated to your left in the first row. Ms. Harris has indicated to me that she would not be able to testify consistent with her affidavit. Based on that representation to me, Judge, I am not calling her as a witness in this.

N.T., 8/12/2014, at 54. Thereafter, on August 21, 2014, the PCRA court denied Grimes' petition for relief. This timely appeal follows.[7]

---

[6] Trial counsel testified that prior to trial, he had a discussion with Grimes regarding a witness who Grimes told him could "testify as to seeing me at the Darby Transportation Center." N.T., 8/12/2014, at 44. However, they both determined that "bringing that witness forward would have harmed Mr. Grimes' case." *Id.* at 45. Counsel also denied leaving a telephone message for Harris or receiving a message from her. *Id.* at 48.

[7] On September 18, 2014, the PCRA court ordered Grimes to file a concise statement of errors complained of on appeal. After requesting and receiving
*(Footnote Continued Next Page)*

Our standard of review is well-established:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014).

Here, Grimes' sole issue on appeal involves the ineffective assistance of trial counsel. Our review of an ineffectiveness claim is guided by the following:

> In order to obtain relief on a claim of counsel ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Pennsylvania, we have applied the **Strickland** test by requiring that a petitioner establish that (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. **Commonwealth v. Pierce**, 567 Pa. 186, 786 A.2d 203, 213 (2001). Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the **Strickland** test, the court may dismiss the claim on that basis. **Commonwealth v. Ali**, 608 Pa. 71, 10 A.3d 282, 291 (2010).

**Commonwealth v. Reid**, 99 A.3d 470, 481 (Pa. 2014).

Furthermore, in order to establish that trial counsel provided ineffective assistance in failing to call an alibi witness, Grimes must

_(Footnote Continued)_ _____

an extension of time, Grimes complied with the court's directive, and filed a concise statement on November 21, 2014.

demonstrate: (1) the witness existed and was available; (2) trial counsel was aware of, or should have been aware of, the existence of the witness; (3) the witness was ready and willing to testify on Grimes' behalf; and (4) "the absence of the proposed testimony prejudiced him." ***Commonwealth v. Lopez,*** 739 A.2d 485, 496 (Pa. 1999) (citation omitted), *cert. denied*, 530 U.S. 1206 (2000).

Here, Grimes argues Harris' signed affidavit, as well as her presence at the PCRA hearing, was sufficient to satisfy his burden of proof. Although he acknowledged PCRA counsel did not call Harris to testify at the hearing because he claimed she would not testify consistent with her affidavit, Grimes asserts "[t]hat does not mean she was unwilling to testify[,]" and "[t]here is no way for the Court to examine the record and discern whether Ms. Harris protested PCRA counsel's decision." Grimes' Brief at 13. Furthermore, Grimes contends trial counsel had no reasonable basis for failing to call Harris as an alibi witness. He notes trial counsel feared Harris could connect Grimes to the white Toyota used in the robbery. However, Grimes "connected *himself* to the white Toyota when he testified that [Twizzy] picked him up from the bus station after the robbery took place." ***Id.*** at 15 (emphasis in original). Therefore, he argues Harris' testimony would not have been harmful, and would have "bolstered [his] testimony that he was at the bus station at the time of the robbery[.]" ***Id.***

The PCRA court concluded that Grimes' "inability to present the testimony of Ms. Harris is fatal to his claim."  PCRA Court Opinion, 12/2/2014, at 6.  The court opined:

The affidavit attached to the PCRA petition demonstrated the necessity of a PCRA hearing in this case but it is not evidence through which [Grimes] can meet his burden of proof.  In **Commonwealth v. Dennis**, 950 A.2d 945, 964 (Pa. 2008) where similarly the petitioner attached the affidavits of putative alibi witnesses to his petition but failed to produce their testimony to support his claim at an evidentiary hearing, the Supreme Court found that the petitioner failed to prove "his foundational claim of ineffective assistance of counsel."

In the case *sub judice* Ms. Harris was subpoenaed and appeared at the evidentiary hearing.  Counsel represented that she would not be called to testify because, "she would not be able to testify consistent with [the] affidavit."  Without Ms. Harris's favorable testimony [Grimes'] burden of proof is not met.  Additionally, we note that [trial counsel's] credible testimony supports the finding that after consultation, he and [Grimes] concluded that Ms. Harris's testimony would not be helpful to [Grimes'] defense, because although she was the witness that [Grimes] "could have" [had] testify that she saw him at the Darby Transportation Center she had also seen him in a white Toyota before the robbery.  This testimony would clearly tie [Grimes] to the vehicle that three eyewitnesses saw near the Starbucks in Wayne before the robbery and as it left the scene and support the inference that [Grimes] was the man who appeared to be conducting his own surveillance in the area before he committed the robbery.

*Id.* at 7-8.

We agree with the well-reasoned analysis of the PCRA court.  Grimes' failure to present the testimony of Harris at the PCRA hearing necessarily defeats his claim.  As the Supreme Court held in **Dennis**, a PCRA petitioner "cannot demonstrate prejudice sufficient to establish the ineffectiveness of

trial counsel" by simply relying on affidavits attached to a PCRA petition. *Dennis*, *supra*, 950 A.2d at 964. Rather, a petitioner has "failed to carry his burden before the PCRA court by failing to take the requisite steps to secure these witnesses' testimony at the evidentiary hearing that was held precisely for that purpose." *Id.* The same is true here.

Moreover, we also agree with the PCRA court's determination that even if Grimes' claim had arguable merit, which we conclude it did not, trial counsel had a reasonable basis for failing to present Harris as an alibi witness. First, trial counsel testified Grimes told him about the possibility of Harris providing alibi testimony "just before trial." N.T., 8/12/2014, at 44. Moreover, after discussing her proposed testimony with Grimes, particularly the fact that Harris had "seen him in a certain vehicle [*i.e.*, the white Toyota] before[,]" they both decided not to call her as a witness.[8] *Id.* at 43. Although Grimes challenges this decision based on the fact he admitted he was in a white Toyota with Twizzy after the robbery took place, trial counsel's testimony implied that Harris could place him in the car **before** the robbery. *See Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) ("A PCRA court passes on witness credibility at PCRA hearings, and its

_____

[8] Trial counsel also testified he had conducted his own investigation, which included visiting the Darby Transportation Center and viewing surveillance videotape from a Dunkin' Donuts store that Grimes said he been in the morning of the robbery, but that counsel was unable to corroborate any aspect of Grimes' story. *See id.* at 46-47.

credibility determinations should be provided great deference by reviewing courts."). Accordingly, we detect no error on the part of the PCRA court in concluding trial counsel had a reasonable basis for his actions.

Therefore, because Grimes failed to establish at the evidentiary hearing that trial counsel was ineffective for not calling Harris as an alibi witness, we affirm the order of the PCRA court dismissing his petition for collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2015