J-S20018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMONTAE ANTHONY WILLIAMS, | |
| Appellant | No. 857 WDA 2015 |

Appeal from the Judgment of Sentence of April 28, 2015
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001398-2012

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED MARCH 11, 2016**

Appellant, Damontae Anthony Williams, appeals from the judgment of sentence entered on April 28, 2015.  We affirm.

This Court previously set forth the factual background of this case as follows:

> On July 25, 2012, at approximately 5:00 [p.m.], Appellant was transported in a silver Plymouth Neon automobile by Odell Littles (Littles) . . . to the Cricket Wireless Store located in the Walmart Plaza Shopping Center on Route 18 in Center Township, Beaver County, for the intended purpose of making payment of Appellant's [cellular] telephone bill.  Upon arrival, Appellant exited the vehicle while Littles remained in the car. Appellant entered the Cricket Wireless Store and conversed with the salesperson, Daniel Clear (Clear), regarding accessories for his cellular telephone.
>
> After choosing the desired accessories and preparing to pay for the items at the cash register, Appellant displayed a black semi-automatic handgun pointed within six to twelve inches of Clear's chest and demanded money from the cash register.  Clear

* Retired Senior Judge assigned to the Superior Court

complied by placing what was later determined to be $1,163.00 into a green plastic bag, together with the merchandise that Appellant had chosen. Appellant then departed the store. . . .

After entering the vehicle, much to the surprise of Littles, Appellant informed Littles that he had robbed the store. Upon learning of Appellant's actions, Littles drove the vehicle into Monaca Borough, proceeding on Pennsylvania Avenue, the main thoroughfare. Officer Alan Shaffer of the Monaca Police Department . . . . entered his police vehicle and pulled out of the station parking lot on to Pennsylvania Avenue heading in the direction of the Center Township Walmart Plaza for the purpose of rendering assistance, when he observed the silver Neon approaching on Pennsylvania Avenue from the opposite direction. He entered a parking lot, reversed his direction, activated his emergency lights[,] and began pursuit of the Neon automobile. Littles observed Officer Shaffer's police vehicle and informed Appellant that the police were following behind their car. Upon reaching the traffic signal at the intersection of Pennsylvania Avenue and 14th Street, the Neon vehicle stopped for the red traffic signal.

Appellant exited the front passenger side door and ran into the parking lot of CoGo's Convenience Store located at the intersection. Officer Shaffer, while still in his vehicle, followed Appellant into the parking lot and inadvertently struck Appellant with the police vehicle in the leg, causing him to fall. Appellant immediately got up and continued to run from Officer Shaffer, who was in full uniform and in a marked police vehicle. Officer Shaffer pursued Appellant on foot into the alley behind CoGo's, when Appellant turned, removed from his waist a handgun[,] and fired three shots at Officer Shaffer, striking him with the first shot in the inner thigh of his right leg. Officer Shaffer drew his weapon and returned fire as Appellant hid behind several vehicles parked in the alley. As Officer Shaffer continued his approach toward the vehicles, Appellant threw out his weapon, laid face down on the ground[,] and surrendered. Officer Rachel Dietz, the on-duty partner of Officer Shaffer, took Appellant into custody. . . .

Officer Dietz inquired of Appellant as to whether he possessed any other weapons and Appellant replied that a loaded weapon was located in his right shorts pocket. Appellant further stated that if his hands were free, he would shoot the officers in the

face. Upon arrival of other officers, the weapon in Appellant's pocket was removed together with a cigarette pack in which a baggie, containing 40 packages of cocaine weighing 4.4 grams, was found. The weapon with which Appellant fired upon Officer Shaffer was determined to be a .40 caliber semiautomatic weapon that had been stolen on July 12, 2012. The firearm located in his pocket was a .32 caliber fully loaded revolver. [Appellant] was not licensed to carry a firearm.

*Commonwealth v. Williams*, 97 A.3d 793 (table), 2014 WL 10982082, at

*1 (Pa. Super. 2014) (unpublished memorandum) (internal alterations and

citation omitted; paragraph breaks added).

The relevant procedural history of this case is as follows. On March

13, 2013, a jury found Appellant guilty of attempted murder,[1] two counts of

aggravated assault,[2] assault of a law enforcement officer,[3] robbery,[4] two

counts of receiving stolen property,[5] possession of a firearm by a prohibited

person,[6] carrying a firearm without a license,[7] theft by unlawful taking,[8]

---

[1] 18 Pa.C.S.A. §§ 901, 2502.

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(3).

[3] 18 Pa.C.S.A. § 2702.1(a).

[4] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[5] 18 Pa.C.S.A. § 3925(a).

[6] 18 Pa.C.S.A. § 6105(a)(1).

[7] 18 Pa.C.S.A. § 6106(a)(1).

[8] 18 Pa.C.S.A. § 3921(a).

simple assault,[9] recklessly endangering another person,[10] possession with intent to deliver a controlled substance,[11] and possession of a controlled substance.[12]

Prior to sentencing, the Commonwealth filed notice of its intent to seek a mandatory minimum sentence of five years' imprisonment for possession with intent to deliver a controlled substance. **See** 42 Pa.C.S.A. § 9712.1, *held unconstitutional*, **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). The Commonwealth also filed notice of its intent to seek a mandatory minimum sentence of five years' imprisonment for robbery while in possession of a firearm. **See** 42 Pa.C.S.A. § 9712, *held unconstitutional*, **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), *appeal denied*, 124 A.3d 309 (Pa. 2015). On June 3, 2013, Appellant was sentenced to an aggregate term of 40 to 80 years' imprisonment. The aggregate sentence included mandatory minimum sentences of five to ten years' imprisonment for possession with intent to deliver a controlled substance and five to ten years' imprisonment for robbery while in possession of a firearm. Appellant filed a

---

[9] 18 Pa.C.S.A. § 2701(a)(1).

[10] 18 Pa.C.S.A. § 2705.

[11] 35 P.S. § 780-113(a)(30).

[12] 35 P.S. § 780-113(a)(16).

direct appeal and this Court affirmed. *Commonwealth v. Williams*, 97 A.3d 793 (Pa. Super. 2014) (unpublished memorandum).

On October 2, 2014, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Counsel was appointed and counsel filed an amended petition. The amended petition alleged that Appellant's direct appellate counsel was ineffective for failing to object to the mandatory minimum sentences as violating the right to a jury trial as interpreted by *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The Commonwealth conceded that Appellant was entitled to relief. On April 28, 2015, the PCRA court granted Appellant's petition and granted a new sentencing hearing as to the robbery and possession with intent to deliver a controlled substance counts.

The trial court then resentenced Appellant to four to eight years' imprisonment for robbery and two to four years' imprisonment for possession with intent to deliver a controlled substance. With the revised sentences, Appellant's aggregate sentence was 36 to 72 years' imprisonment. Appellant did not object to the sentence at the PCRA/sentencing hearing on April 28, 2015 nor did he file a post-sentence motion. This timely appeal followed.[13]

---

[13] On May 28, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(a). On June 18, 2015, Appellant filed his concise statement. *(Footnote Continued Next Page)*

Appellant presents one issue for our review:

[Did t]he [t]rial [c]ourt abuse[] its discretion . . . by directing that certain parts of [Appellant's] sentence [] be served consecutively[?]

Appellant's Brief at 6.

In his lone issue, Appellant argues that his sentence is excessive. This issue challenges the discretionary aspects of Appellant's sentence. *See Commonwealth v. Haynes*, 125 A.3d 800, 806 (Pa. Super. 2015). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

[w]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

*(Footnote Continued)* ───────────────────
On August 18, 2015, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

In this case, Appellant failed to object to the discretionary aspects of his sentence at the resentencing hearing. **See** N.T., 4/28/15, at 27-29. Furthermore, Appellant did not file a post-sentence motion. Appellant argues that he preserved the issue in his amended PCRA petition. **See** Appellant's Brief at 17. It is axiomatic, however, that a discretionary aspects claim may only be preserved **after** the sentence is pronounced. The issue cannot be preserved in a presentence filing, *e.g.*, a sentencing memorandum or a PCRA petition. Therefore, Appellant waived his discretionary aspects claim. **See Leatherby**, 116 A.3d at 83. Accordingly, we may not reach the merits of Appellant's discretionary aspects claim. As Appellant has waived his lone issue on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2016