J. S41022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :              PENNSYLVANIA
                                           :
                v.                           :
                                           :
SHAWN BROOKS,                       :
                                           :
                   Appellant         :     No. 3552 EDA 2014

Appeal from the PCRA Order January 10, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division No.: CP-51-CR-0005373-2010

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                      **FILED JULY 08, 2016**

Appellant, Shawn Brooks, appeals from the Judgment of Sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for three counts of Robbery, and one count each of Burglary, Criminal Conspiracy, and Carrying a Firearm Without a License.[1] Appellant challenges the constitutionality of his sentence pursuant to **Alleyne v. United States**, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). After careful review, we affirm Appellant's convictions, vacate the Judgment of Sentence, and remand for resentencing consistent with **Alleyne**.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701; 18 Pa.C.S. § 3502; 18 Pa.C.S. § 903; and 18 Pa.C.S. § 6106, respectively.

The trial court stated the relevant facts as follows:

In 2010, Appellant was charged with thirty-six separate offenses, including three counts of robbery, three counts of burglary, three counts of conspiracy to commit robbery, violations of the Uniform Fire Arms Act ("VUFA"), and various other theft, assault, and firearm violations. Appellant was represented by Samuel Alboum, Esquire at trial. A jury trial was held from April 7, 2011 to April 11, 2011. On April 11, 2011, a mistrial was declared, as the jury was hopelessly deadlocked.

A second jury trial commenced on October 28, 2011. On November 1, 2011, Appellant was found guilty of three counts of robbery, one count of burglary, one count of conspiracy, and one count of illegally carrying a firearm. The remaining charges had been *nolle prossed*.

On January 10, 2010, the Court imposed an aggregate sentence of eight to sixteen years of incarceration followed by four years of reporting probation. According to Appellant, both he and his family informed trial counsel at the sentencing hearing that Appellant desired a Notice of Appeal to be filed. A Notice of Appeal was never filed.

Appellant, through Mr. Alboum, filed a Post Sentence Motion to Modify Sentence on January 19, 2012, arguing for sentence reduction in light of testimony during the first trial that Appellant had expressed concern for a child allegedly present in the home during the robbery. *See* Notes of Testimony ("N.T."), 4/08/11 at 58. The Court granted the Motion on January 23, 2012, and it issued an Order reducing the minimum on one of Appellant's three robbery sentences by one year. The Order therefore reduced Appellant's aggregate sentence to seven to sixteen years of incarceration followed by four years of reporting probation.

On August 12, 2012, Appellant filed a Petition pursuant to the Post Conviction Relief Act ("PCRA") based on claims of ineffective assistance of counsel. On June 4, 2013, Michael L. Doyle, Esquire was appointed to represent Appellant at this stage. On January 27, 2014, Appellant filed an Amended Petition for Post Conviction Relief, alleging that his appellate rights were not preserved as a result of ineffective counsel. An evidentiary hearing was held on November 3, 2014 to determine

the legitimacy of Appellant's claims, and on November 17, 2014, the Court granted Appellant's Petition and reinstated *nunc pro tunc* his right to appeal.

Appellant filed a timely Notice of Appeal on December 15, 2014. The Court filed an Order instructing Appellant's counsel to file a Statement of Matters Complained of on Appeal within twenty-one days on March 4, 2015. The Statement was filed on March 25, 2015.

Trial Court Opinion, filed 7/14/15, at 1-2.

Appellant presents one issue on appeal:

Did the court err in giving an illegal sentence where three (3) of the five (5) sentences [are] based upon a mandatory minimum sentencing statute that is unconstitutional?

Appellant's Brief at 6.

Appellant contends his sentence is unconstitutional, based upon

***Alleyne v. United States***, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).[2] Here, on January 10, 2012, Appellant received four mandatory sentences of five to ten years' incarceration pursuant to 42 Pa.C.S. § 9712 ("Sentences for offenses committed with firearms."). ***See*** Trial Court Opinion, filed 7/14/15, at 3.

In ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super. 2014), this Court found Section 9712 unconstitutional, therefore rendering illegal a

---

[2] The United States Supreme Court decided ***Alleyne*** on June 17, 2013, holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, ***supra*** at 2155.

sentence formulated thereunder. *Id*. at 811-12 (finding that Section 9712 violates the United States Supreme Court's decision in *Alleyne*).

The trial court stated that *Alleyne* is applicable, and that the Judgment of Sentence must be vacated and remanded for resentencing. *See* Trial Court Opinion, filed 7/14/15, at 3-6, 8. We agree. Appellant's sentence is therefore illegal; accordingly, we vacate the Judgment of Sentence and remand this case to the trial court for resentencing without consideration of Section 9712.[3]

Appellant's convictions for Robbery, Burglary, Criminal Conspiracy, and Carrying a Firearm Without a License affirmed. Judgment of Sentence vacated. Case remanded for resentencing only. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

---

[3] The Commonwealth requests that we hold our decision in this appeal "pending the results of similar cases presently before the Pennsylvania Supreme Court[,]" including *Commonwealth v. Wolfe*, No. 68 MAP 2015, and *Commonwealth v. Barnes*, No. 36 EAP 2015. Appellee's Brief at 7, 10. We decline to do so in light of the binding case law regarding Section 9712.

- 4 -